STATE, Use of WAITE E. BROWN, *vs.* GEORGE
W. DUVALL, of Geo. and EDWARD C. REILLY.

*Pleading in Action on Bond—Execution of Bond—Offer of Additional
Evidence After Close of Case—Appeal.*

In an action on a guardian's bond, where the pleas were performance
and limitations and plaintiff had offered some evidence tending to
prove the breach, it is error to instruct the jury that there was no
legally sufficient evidence to enable the plaintiff to recover, merely
because the copy of the bond offered in evidence was not authenti-
cated by the signature of the Register of Wills ; the execution of the
bond not being put in issue by the pleadings.

After a plaintiff has closed his evidence, it is in the discretion of the
trial court to allow him to re-open the case by adducing additional
proof, and no appeal lies from the action of the Court in the premises.

Appeal from the Circuit Court for Prince George's County.
At the trial the plaintiff offered in evidence a copy of the
guardian's bond sued on, appended to which was the form
of a certificate that it was a true copy, but the certificate,
although bearing the seal of the Orphans' Court, was not
*signed* by the Register of Wills.   Plaintiff also offered a duly
certified copy of the guardian's account showing a certain
sum to be due to the ward, and the record of a Chancery
proceeding, by which a distributive share was audited to the
ward.    Plaintiff then closed his case and his first exception
was taken to the action of the trial Court (Brooke and
Crane, J.), by which the jury was then instructed that there
was no evidence in the case legally sufficient to enable the
plaintiff to recover.   The second, third, fourth and fifth ex-
ceptions were taken to the subsequent refusal of the Court
to allow the plaintiff to offer additional evidence tending to
prove the execution of the bond and the breach thereof.

The cause was argued before McSherry, C. J., Bryan,
Fowler, Briscoe, Page and Boyd, JJ.

*R. B. B. Chew* for the appellant.

*George C. Merrick*, for the appellees, submitted the case on his brief.

BRYAN, J., delivered the opinion of the Court.

This suit was brought on a bond alleged to have been executed by Sarah A. Brown, ·as guardian of Waite E. Brown, with George W. Duvall and Edward C. Reilly as sureties.   Mrs. Brown was returned *non est;* and Duvall died after the commencement of the suit.   The *narr.* set forth the bond and alleged breaches.   Reilly, the remaining defendant, pleaded performance and limitations.   The plaintiff offered in evidence the bond, and evidence tending to prove the indebtedness of the guardian to her ward ; and then closed his case.   Thereupon the defendant prayed the Court to instruct the jury that there was ho evidence legally sufficient to enable the plaintiff to recover.   The Court granted the prayer and the plaintiff excepted.   The verdict and judgment being in favor of the defendant, the plaintiff appealed.

The ground of the prayer seems to be  the supposed insufficiency of the ·proof of the bond.   The execution of the bond was not put in issue by the pleadings.   It could not be denied except by the plea of *non est factum ;* and in this case it could not have been pleaded except under oath. Code, Article 75, section 11.   The pleas admit the execution of the bond and set up matter in defence, to-wit, performance and discharge by the Statute of Limitations. They were in confession and avoidance, and imposed on the defendant the necessity of proving the matter alleged. The bond being admitted in pleading, the evidence which was offered tending to prove a breach of it was sufficient to take the case to the jury.   The plaintiff having closed his case, it was in the discretion of the Court whether he should be permitted to reopen it.   Its refusal to permit it cannot be assigned as error.   Therefore the second, third,

fourth and fifth exceptions were not well taken.    For error
in first exception the judgment must be reversed.

*Judgment reversed and a new trial awarded.*