## John Trzetiatowski by Michael Trzetiatowski, Defendant in Error, v. Evening American Publishing Company, Plaintiff in Error.

### Gen. No. 18,581. (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912, Reversed and remanded. Opinion filed March 11, 1914.

### Statement of the Case.

Action by John Trzetiatowski, an infant, by Michael Trzetiatowski, his next friend, against Evening American Publishing Company to recover for personal injuries inflicted by an automobile truck owned by defendant. From a judgment for plaintiff, defendant brings error.

J. C. M. CLOW, for plaintiff in error.

NATHAN S. SCHOENBROD and BLUM & BLUM, for defendant in error.

MR. JUSTICE DUNCAN delivered the opinion of the court.

---

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

## Abstract of the Decision.

1. AUTOMOBILES AND GARAGES, § 2*—*when owner of machine operated rapidly on wrong side of street liable for injuries to pedestrian.* In an action for personal injuries by an infant, the evidence though disputed, tended to show that plaintiff, a boy between ten and eleven years old, while crossing a public street near its intersection with another street, with a roller skate on one foot, was struck and injured by an automobile truck running on the wrong side of the street at high speed. *Held* defendant's negligence was for the jury.

2. ROADS AND BRIDGES, § 228*—*when pedestrian may expect compliance with law of the road.* One crossing a public street may reasonably expect that danger from vehicles will arise only from persons driving in conformity with the law of the road.

3. INSTRUCTIONS, § 7*—*necessity for accuracy where evidence is conflicting.* Where the evidence is conflicting as to the seriousness of the injury, instructions on damages must be accurate.

4. DAMAGES, § 25*—*injury to personal appearances.* In an action for personal injuries, injury to personal appearance is not a proper element of damages.

5. AUTOMOBILES AND GARAGES, § 3*—*when evidence of speed not incompetent because of vagueness.* In an action for personal injuries inflicted by an automobile, testimony that the automobile "ran fast," "ran very fast," "ran mighty fast" is not wholly incompetent because of its vagueness, particularly where appellant's evidence was to the effect that the automobile was "running slow."