## ALBERT S. GUYER

### *vs.*

J. O. SNYDER ET AL., ADMINISTRATORS OF DANIEL OR DAVID LONG, DECEASED; WILLIAM C. RODERICK, SHERIFF; CHARLES H. GOETZ AND KATIE A. GOETZ.

*Practice*: *reopening case for additional testimony; discretion of trial court. Attachment*: *claim of property levied on—; burden of proof; title to personal property; presumptions. Prayer*: *assuming facts.*

Permitting a case to be reopened for the purpose of admitting additional testimony to be introduced rests with the discretion of the trial court, and from its action on such a motion no appeal will lie.                                              p. 22

On a claim of property in an attachment case on a judgment, on the ground that the levy was made on property owned by the claimant and not by the judgment debtor, the burden of proof is upon the plaintiff, and is a question of fact for the jury.  p. 21

Men generally own the personal property in their possession, and proof of possession is at least presumptive proof of ownership.                                              p. 22

The court has no right to assume any fact in aid of a prayer where the onus of proving such facts rests upon the party asking the instruction, no matter how strong and convincing his proof on the subject may be.                               p. 21

*Decided April 26th, 1918.*

Appeal from the Circuit Court for Frederick County. (WORTHINGTON, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, STOCKBRIDGE and CONSTABLE, JJ.

*John L. G. Lee* (with whom were *Albert S. Brown* and *Arthur D. Willard* on the brief), for the appellant.

*Reno S. Harp,* for the appellees.

Briscoe, J., delivered the opinion of the Court.

This is a claimant's suit, asserting title to certain personal property which had been seized and levied upon by the Sheriff of Frederick County under and by virtue of ten writs of *fieri facias* issued out of the Circuit Court for Frederick County, at the suit of the plaintiffs in the judgment cases, against the goods and chattels, rights and credits of Charles H. Goetz and Katie A. Goetz, the defendants in the cases, and two of the appellees on the record now before us.

The property taken in execution consists of personal property and is appraised at the sum of $1,354.00.

The claimant's petition is in the usual form and asserts that the property levied upon is the property of the claimant, Albert S. Guyer, and was not the property of the defendant, Goetz.

The case was tried before a jury in the Circuit Court for Frederick County and from a judgment on a verdict in favor of the defendants the claimant has appealed.

At the trial of the case the plaintiff claimant reserved certain exceptions to the rulings of the Court upon the prayers and to the admissibility of certain evidence which was permitted to be introduced after the conclusion of the evidence on both sides but before the case was submitted to the jury, and these exceptions form the basis of the appeal.

The main contention upon the part of the appellant is, that the Court below committed an error in refusing to grant the plaintiff's first and second prayers, and for these reasons it is urged the judgment should be reversed.

The plaintiff's first prayer asked the Court to rule, as a matter of law, that the defendants in the case had offered no evidence legally sufficient to show that the property levied on by the Sheriff belonged to and was the property of the defend-

ant, Charles H. Goetz, and therefore their verdict must be for the plaintiff for the property claimed.

By the second prayer the Court was asked to instruct the jury that under the pleadings and evidence in the case, the mere possession of the property levied upon by the plaintiff, was no evidence of title to the property in the said Charles H. Goetz at anytime.

There was no error in the refusal of the Court to grant either of these prayers.

The first prayer was clearly erroneous because it assumed the fact that the property levied on by the Sheriff belonged to and was the property of the defendant, instead of leaving to the jury to find whether there was sufficient proof in support of the claimant's contention as to this fact.

The burden of proof clearly rested upon the claimant to establish his claim and ownership of the property and the Court could not take away from the jury the finding of this fact.

In *Peterson* v. *Ellicott,* 9 Md. 52, it is said there is no principle better established than that which denies to the Court the right of assuming any fact in aid of a prayer when the onus of proving such fact rests upon the party asking the instruction, no matter how strong and convincing his proof on the subject may be. And to the same effect are the cases of *McCosker* v. *Banks,* 84 Md. 292; *Consolidated R'y. Co.* v. *O'Dea,* 91 Md. 506; *Calvert Bank* v. *Katz,* 102 Md. 56; *Lemp Brewing Co.* v. *Mantz,* 120 Md. 186.

The second prayer was also properly refused. As offered, it asked the Court to say to the jury that the mere possession of the property levied upon by the plaintiff was no evidence of title to the property in the defendant, Goetz, at any time.

While the possession of the property by the defendant at the time it was levied upon by the Sheriff was not conclusive evidence of ownership, it was at least as said by this Court in *Lemp Brewing Company* v. *Mantz,* 120 Md. 184, some evidence of title and sufficient to cast upon the plaintiff the burden of showing a superior right.

In 1 *Greenleaf on Evidence,* 34, it is said as men generally own the personal property they possess, proof of possession is presumptive proof of ownership.   *Cole* v. *Berry,* 42 N. J. L. 315; *Miller & Sons Piano Co.* v. *Parker,* 26 Atl. 303.

The second, third and fourth exceptions bring up for review the rulings of the Court in reopening the case for further testimony after the evidence on both sides had been closed and the prayers submitted, and in the submission of proof of the judgments upon which the executions had been issued.

The testimony that was offered and introduced it will be seen was clearly admissible and was necessary for a proper consideration of the case.

The plaintiff had omitted to prove the judgments in the course of the trial and it was entirely within the discretion of the Court to grant the application and to permit the additional testimony to be introduced.

In 2 *Poe's Pleading and Practice,* Vol. 2, it is said that cases may arise when the purposes of justice may seem to require that the application ought not to be denied, and accordingly, it is not a reversible error to permit the case to be re-opened for such purpose.   The matter rests in the discretion of the Court and from its action granting or rejecting the application no appeal will lie.   *State* v. *Duvall,* 83 Md. 123; *Dailey* v. *Grimes,* 27 Md. 446.

The nature and character of the evidence set out in the exceptions and which was permitted to be introduced could not have prejudiced the claimant's case, and he was not thereby injured by its admission.

Without stopping to review the testimony or stating it in detail it is sufficient to say the case was one that presented a state of facts for the consideration of the jury and not for the Court to decide or determine, as a matter of law.

Finding no reversible error in the rulings of the Court the judgment will be affirmed.

*Judgment affirmed, with costs*