# EAST BALTIMORE TRANSFER COMPANY

## vs.

## GEORGE GOEB, Jr.

*Injury by Automobile—Action for Damages—Reopening for Further Testimony—Ownership of Car—Damages.*

In an action on account of personal injuries caused by defendant's automobile truck, while running on the left side of the street, that a witness was asked whether there was anything in the center of the street at that time, and that he answered, "nothing in the middle of the street to stop the chauffeur from being on the right-hand side, where he ought to have been," involved no reversible error or injury to defendant.                                                                    p. 537

The action of the lower court in permitting the case to be reopened for further testimony on the part of plaintiff, after the plaintiff had rested his case and the defendant had submitted its prayers asking for a directed verdict, was a matter within the sound discretion of that court, and not ground for review on appeal.                                                   •       p. 537

In an action against one alleged to be the owner of an automobile truck on account of injuries caused by it, the records of the automobile commissioner, showing that defendant was the owner of the license number which the truck bore, were admissible.                                                                        p. 538

It was proper to instruct the jury that if they find for the infant plaintiff they are, in estimating damages, to consider his health and condition before the injuries complained of, as compared with his present condition in consequence of said injury, and whether said injury is in its nature permanent; also the physical and mental suffering to which he has been subjected by reason of said injury, and they are to allow him such damages as in their opinion will be fair and just compensation for the injury.                             pp. 535, 538

In an action for injuries to a child five years old, struck, while crossing the street, by a truck running on the wrong side thereof, *held* that it was proper to refuse to direct a verdict for defendant.                                    pp. 538-541

Proof of the license number of the automobile which caused the injury, coupled with evidence that defendant held the license, was sufficient *prima facie* proof that defendant was the owner of the car, and that the custodian of the car was engaged in the owner's service.                              p. 541

*Decided March 2nd, 1922.*

Appeal from the Superior Court of Baltimore City (GORTER, J.).

Action by George Goeb, Jr., infant, suing by his father and next friend, George Goeb, Sr., against the East Baltimore Transfer Company. From a judgment in favor of plaintiff for five thousand dollars, defendant appeals. Affirmed.

Plaintiff's First Prayer was as follows:

The court instructs the jury that if they find for the infant plaintiff they are to consider in estimating damages the health and condition of the infant plaintiff before the injuries complained of as compared with his present condition in consequence of said injury, and whether said injury is in its nature permanent; also the physical and mental suffering to which he has been subjected by reason of said injury, and they are to allow him such damages as in the opinion of the jury will be fair and just compensation for the injury which the infant plaintiff has sustained.

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, URNER, STOCKBRIDGE, ADKINS, and OFFUTT, JJ.

*W. Herdman Schwatka*, with whom were *John D. C. Duncan* and *Duncan & Schwatka* on the brief, for the appellant.

*E. Milton Altfeld*, for the appellee.

Briscoe, J., delivered the opinion of the Court.

This is an appeal from a judgment recovered by the plaintiff against the defendant, the East Baltimore Transfer Company, Incorporated, in the Superior Court of Baltimore City, for the sum of $5,000, for certain injuries alleged to have been sustained by the infant plaintiff by being struck by an automobile truck owned by and in the service of the defendant company.

The suit was brought against the appellant company and one J. D. Wallace jointly, but a *non pros.* was entered at the trial as to the defendant Wallace.

There are ten bills of exception in the record, but some of these, it is stated in the appellant's brief, are not pressed on this appeal.

The declaration avers and sets forth that, on or about the 2nd day of September, 1920, while the infant plaintiff was upon a public highway, to wit, Linwood Avenue near the intersection of Baltimore Street, both being public thoroughfares of Baltimore City, and exercising due and ordinary care for his safety, an automobile truck belonging to the defendant, and operated by its servant, agent, and employee, was being driven south on Linwood Avenue in a negligent and careless manner on the left-hand side of the street, and with great speed ran into and struck the infant plaintiff, knocking him down, and the wheels of the truck passed over his feet, necessitating the amputation of several toes on each foot, and otherwise seriously and permanently injuring him about the forehead, body, and limbs.

The first and second exceptions were reserved to the action of the court in overruling an objection of the defendant to a question asked the witness Dailey, and subsequently to the action of the court in overruling a motion to strike out the answer which had been given.

The witness testified that he saw the accident; that the automobile truck which struck the infant plaintiff was going north on the wrong side, or left-hand side, of the street or avenue; that the boy (plaintiff) was going from the east to

the west side, and he was two-thirds of the way across when the truck struck him, knocked him down, and ran about two pavements before the chauffeur could stop it, and that the truck was going at a good rate of speed when it struck him.

The witness was then asked, "Was there anything in the center of the street at that time?" and he answered, "Nothing in the middle of the street to stop the chauffeur from being on the right-hand side, where he ought to have been."

There was clearly no reversible error and no injury to the defendant by the admission of the question, nor in the answer given by the witness as stated and set out in the first and second exceptions in this case.

The third, fourth, and fifth bills of exception relate to the rulings of the court in permitting the case to be reopened, over the objection of the defendant, for further testimony, after the plaintiff had rested his case, and the defendant had submitted its prayers, asking for a directed verdict in favor of the defendant.

The case, it will be seen, was reopened for the purpose of allowing the plaintiff to prove who was the driver of the truck that caused the accident, and to prove that the truck belonged to the defendant, the East Baltimore Transfer Company.

The plaintiff had failed to offer in the course of the trial the necessary evidence for a proper consideration of the case, and it was entirely within the discretion of the court to permit the additional testimony to be introduced. The matter was within the sound discretion of the court below, and its action in this respect is not reviewable by this Court and is no ground for an appeal. *Dailey* v. *Grimes,* 27 Md. 447; *State* v. *Duvall,* 83 Md. 123; *Guyer* v. *Snyder,* 133 Md. 22; *Dorr Cattle Co.* v. *Chic. & G. W. Ry. Co.,* 128 Iowa, 359; *Carr* v. *Georgia Loan & T. Co.,* 108 Ga. 757.

The sixth, seventh, and eighth exceptions were taken to the admission in evidence of the proof itself, allowed to be introduced by the court, after the reopening of the case. This evidence was competent and admissible as tending to

prove the issue in the case on the part of the plaintiff, and there was no error in the rulings set out in these exceptions.

The ninth exception was taken to the introduction in evidence of certain records of the automobile commissioner, showing the owner of License No. 13667 to be the defendant, the East Baltimore Transfer Company.

The objection to this evidence was properly overruled, and the court was clearly right in admitting the record as evidence in the case.

The witness Thoman had testified that he took the number of the truck that ran over and struck the infant plaintiff, and it bore the number, Maryland License No. 13667, and the record containing this license was, therefore, admissible in evidence. *Stewart Taxi Service Co.* v. *Roy,* 127 Md. 76; *Vonderhorst Brewing Co.* v. *Armhine,* 98 Md. 406.

At the conclusion of the testimony on the part of the plaintiff the defendant submitted no testimony, but rested its case and reoffered its three prayers. The plaintiff submitted two prayers. Of these the plaintiff's first prayer was granted and the defendant's three prayers were rejected. The action of the court in granting the plaintiff's first prayer, in rejecting the defendant's three prayers, and in overruling the defendant's special exception to the plaintiff's first prayer, forms the basis of the tenth and last exception.

The plaintiff's first prayer was the usual damage prayer in negligence cases, and has been approved by numerous cases in .this Court. There can be no serious objection to such a prayer on the statement of facts set out in the record in this case, and the prayer was properly granted.

The defendant's first, second and third prayers were demurrers to the evidence and challenged the legal sufficiency of the evidence to entitle the plaintiff to recover, and asked for an instructed verdict in favor of the defendant.

The material facts of the case, briefly stated, are these: The plaintiff, an infant about five years of age at the time of the accident, was injured while attempting to cross Lin-

wood Avenue near Baltimore Street while going from the east to the west side thereof. He was two-thirds of the way across the street or avenue when he was struck by an automobile truck, which was running north on Linwood Avenue on the wrong or left-hand side thereof, and running about fifteen miles an hour.

The witness, Earl Dailey, who saw the accident, testified that on September 2nd, 1920, he was a helper on the Atlantic and Pacific Tea Company truck; that on that day he was in the vicinity of Linwood Avenue with John Hummell between nine and ten A. M., southbound on Linwood Avenue on the Atlantic and Pacific Tea Company's truck; that they were between Fairmount Avenue and Baltimore Street, about half way in the block, when he noticed a truck just pass Baltimore Street coming up the wrong side of the street; that his automobile slowed up and he noticed a small boy crossing the street, and that the boy was two-thirds of the way across when the truck hit him; that the boy was going from the east to the west side by the alley between Fairmount Avenue and Baltimore Street, coming about where the alley is, and the truck struck him. knocked him down and ran about two pavements before the chauffeur could stop it: the chauffeur sat there for a short time, the child lying, in the meanwhile, in the street; he then got out and picked up the boy; that the truck was going at a pretty good rate of speed and was loaded with sand and gravel, and that the witness was about half way between Fairmount Avenue and Baltimore Street when he first noticed the truck.

He further testified there was nothing in the middle of the street to stop the chauffeur from being on the right-hand side of the street, where he ought to have been.

The witness John Hummell, who was the chauffeur for the Atlantic and Pacific Tea Company's truck, and was with the witness Dailey at the time of the accident, corroborated Dailey's testimony, and also testified that the truck that hit

the little boy was going about fifteen miles an hour and went about twenty feet after it hit the boy.

The witness Leona Merritt testified that she saw the accident; that she was standing in the alley at the left side of the street, on the opposite side from the store; that she saw the little boy coming from the store with something in his hand; the automobile passed up the street so fast it hit this little boy and knocked him down, and she never saw him any more until they picked him up, and the automobile never stopped until it got to the pavement; that she knows little George, the infant plaintiff in this case, and that the first time she saw him was on Crooks' side coming out of the store.

The witness Harry J. Thoman testified that he was standing behind the meat counter and "I heard a lot of excitement outside, a child screaming, and I looked through the screen door, and there was a crowd of people out there, and I rushed to the door, and as I rushed to the door I seen the chauffeur applying his brakes and I looked at the ground and I saw the child lying there, and I rushed over there, and by that time the chauffeur got there and picked the child up and rushed him to the corner druggist and he said he could not do anything for him, so they rushed him to the hospital." He testified that the truck that ran over the child was about No. 4, if not No. 6 North Linwood Avenue, "about 75 feet from the corner; he was on the west side of the street about 10 feet from the west curb, and I was standing in the rear of the truck; I knew Mr. Goeb; he was in the fire department, and I thought I would take the number of the truck, so I took the number of the truck, and it was Maryland License, 13667."

He further testified that he saw nothing in the bed of the street to obstruct the passage of the truck which ran over the child, and that it was not over ten feet between the child and the west curb of the street.

There was other evidence on the part of the plaintiff, including the records of the automobile commissioner, showing

the owner of License No. 13667 to be the defendant in this case, but it would answer no useful purpose to set it out here, because we are satisfied, in view of the testimony disclosed by the record, the court committed no error in refusing the prayers of the defendant which would have withdrawn the case from the consideration of the jury. *United Rys.* v. *Carneal,* 110 Md. 211; *Lynch* v. *Shearer,* 83 Conn. 73; *Trzeliatiowski* v. *Evening Amer. Pub. Co.,* 185 Ill. App. 451; *Greenbaum* v. *Costa,* 137 Md. 524; *Acts* 1920, chapter 506.

The law is well settled that proof of the license number of the car, coupled with evidence that the defendant held the license, was *prima facie* proof that the defendant was the owner of the car, and that the custodian of the car was engaged in the owner's service. *Huddy, Automobiles,* secs. 671, 675; *Berry, Automobiles, secs.* 1050-1064; *Ferris* v. *Sterling,* 214 N. Y. 249; *Geiselman* v. *Schmidt,* 106 Md. 580; *Eisenman* v. *Griffith,* 181 Mo. App. 183.

In *Bagorad* v. *Dix,* 176 N. Y. App. Div. 776, 162 N. Y. Supp. 992, the court said: "Owing to the difficulty of showing ownership of an automobile and responsibility therefor when an accident is caused thereby, the courts, applying and extending a rule of evidence theretofore obtaining with respect to accidents caused by other vehicles, have declared that it is to be presumed that the automobile is owned by the person to whom the license shown by the number was issued, and that it was being used in his business, but that this presumption may be met and overcome by evidence."

Finding no error in the rulings of the court, and as the case was properly submitted to the jury, the judgment must be affirmed.

*Judgment affirmed, with costs.*