MEYER MOTOR CAR COMPANY, INC., *v.* FIRST NATIONAL BANK ET AL.

[No. 12, October Term, 1927.]

78

*Decided January 4th, 1928.*

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, and SLOAN, JJ.

*Arch A. Young,* for the appellant.

*Walter C. Capper,* with whom was *William A. Huster* on the brief, for the appellees.

SLOAN, J., delivered the opinion of the Court.

This is an appeal from a judgment entered on a directed verdict for the appellee, one of the defendants below.

The appellant, a New York corporation, doing business at Buffalo, sold an automobile to Lillian Ellsworth, reserving title under a conditional sales contract, to secure a balance of $1,820 on the purchase money. The vendee brought the automobile to Cumberland, Maryland, where, on June 30th, 1926, she had a check, on the People's Bank of Hamburg, New York, for $850, cashed at the First Na-

tional Bank of Cumberland. The check was drawn by the vendee of the automobile to the order of Cora King, of Cumberland, endorsed by Mrs. King and C. J. Meadows. Mrs. King, who accompanied Mrs. Ellsworth to the bank, in response to the inquiries of the teller, said in the presence of Mrs. Ellsworth that she thought the check was good, that she had a large Studebaker sedan, and that the check of any one who had such a car should be good. While Mrs. King had no means, she was favorably known to the bank. The teller cashed the check, and in a few days it came back protested for nonpayment. Mrs. Ellsworth left Cumberland, but shortly thereafter returned, when the bank caused a foreign attachment to be issued and laid on the car. On September 2nd, 1926, the appellant brought a claimant case to recover the car, alleging in its petition that, on February 10th, 1926, it had sold the car to Lillian Ellsworth, reserving title under a conditional sales contract duly recorded at Hamburg, New York, February 12th, 1926, and attached to the petition was a copy of the contract. The appellee, First National Bank, filed a plea to the petition, whereby it joined issued upon the claim of the appellant, and alleged that the title to the property attached "was not in the claimant * * * but was in the said Lillian Ellsworth."

At the trial of the claimant case, an executed copy of the conditional sales contract between the appellant as vendor and Lillian Ellsworth as vendee was offered and introduced in evidence. The claimant proffered to prove the recording of the contract at Hamburg, New York, but an objection to the introduction of the copy tendered was sustained (and properly) because it was not certified as required by section 45 of article 35 of the Code. An exception was reserved and abandoned by the appellant, so that the sales contract under which the appellant claims title is, so far as this appeal is concerned, an unrecorded contract. The appellee, by its president and the assistant cashier, the latter of whom cashed Mrs. Ellsworth's check, testified that they and the appellee had no notice of the sales contract. Frank G.

Luman, deputy clerk, testified that the sales contract had not been recorded in the clerk's office at Cumberland. By agreement of counsel the Uniform Sales Act, as contained in volume 2 of Uniform Laws Annotated, published by the Edward Thompson Company, was offered in evidence as the law of New York, and sections 5, 6, 10, 13 and 14 were incorporated in the record.

There are five exceptions on which the defendant relies (six having been abandoned): four to the rulings of the trial court on the evidence and one to the granting of the defendant's prayer to take the case from the jury.

This court has held in the cases of *Hall v. Hinks,* 21 Md. 406, *Levi v. Booth,* 58 Md. 305, and *Lincoln v. Quynn,* 68 Md. 299, that the common law rule, that a person in possession of goods cannot confer on another a better title than he himself has, does not, in this state, apply to a purchaser without notice of the vendor's title under a conditional sale. The rule, however, was departed from in *Dinsmore v. Maag-Wahmann Co.,* 122 Md. 177, where it was held that, under the Uniform Sales Act (Code, art. 83, secs. 22 and 39, adopted in Maryland by Act of 1910, ch. 345), "conditional sales, where the contract provides that the title and ownership of the thing sold, although delivered to the purchaser, shall not vest in him until the purchase price therefor is paid," are recognized. In the same case it is further stated that the appellant or defendant was an "attaching creditor and such defendant, under the general rule, can only assert such right as Keppler (the defendant in the attachment suit) had."

After the decision in *Dinsmore v. Maag-Wahmann Co,* the Act of 1916, ch. 355, now section 55 of article 21 of the Code, was passed, where it was provided that "every note, sale or contract for the sale of goods and chattels, wherein the title thereto, or a lien thereon, is reserved until the same be paid in whole or in part, or the transfer of title is made to depend upon any condition therein expressed, and possession is to be delivered to the vendee, shall, in respect to

such reservation and condition, be void as to third persons without notice until such note, sale or contract be in writing, signed by the vendee, and be recorded in the clerk's office of Baltimore City, or the counties, as the case may be, where bills of sale are now recorded."

Since the Act of 1916, unrecorded conditional sales have been held valid between the parties, but void as to third parties without notice, in *Winton Company v. Meister,* 133 Md. 320, *Roberts & Co. v. Robinson,* 141 Md. 37, and in *Stieff v. Wilson,* 151 Md. 597. In the latter case the court said, quoting with approval from *Roberts v. Robinson*: "The general terms employed indicate that the statute 'was designed to safeguard the interests of all persons acting without notice of the unrecorded contract, who would be injuriously affected if it were permitted to be enforced.' "

The appellant contended that the only burden assumed by it was to prove its claim under its contract with Mrs. Ellsworth, and that the burden then shifted to the appellee, the attaching creditor, to show that it had no notice of the appellant's contract, and that this want of notice, even though not refuted, required submission of the appellee's claim to a jury, though we were furnished no authority to this effect. In 2 *Jones' Commentaries on Evidence,* p. 859, the rule is thus stated: "Discrimination must be exercised in using the terms 'burden of proof' and 'weight of evidence.' While the burden of proof remains on the party affirming a fact in support of his case, and is not changed in any aspect of the case, except by legal presumption, the weight of evidence shifts from side to side in the progress of the trial, according to the nature and strength of the evidence offered in support or denial of the main fact to be established. During the progress of a trial it often happens that a party gives evidence tending to establish his allegation, sufficient, it may be, to establish it *prima facie,* and it is sometimes said that the burden of proof is then shifted. All that is meant by this is that there is a necessity for evidence to answer the *prima facie* case or it will prevail; but the burden

of maintaining the affirmative of the issue involved in the action is upon the party alleging the fact which constitutes the issue, and this burden remains throughout the trial."

This is a claimant case, brought by the appellant, under section 47 of article 9 of the Code, and it has been definitely decided by this court in *Lemp Brewing Co. v. Mantz,* 120 Md. 186, and *Guyer v. Snyder,* 133 Md. 19, that the burden is on one claiming property attached to prove ownership, and even though the claimant's evidence be uncontradicted, the court cannot direct a verdict in his favor. In *Guyer v. Snyder, supra,* this court, citing 1 *Greenleaf on Evidence,* 34, said, "As men generally own the personal property they possess, proof of possession is generally proof of ownership." In this case Mrs. Ellsworth was in possession of an automobile, according to the evidence, rightfully, and, upon the representation of her ownership, the appellee extended credit by cashing her check, the bank at the time being without notice of the appellant's claim of title, and without constructive notice of any record of title proven, either in Maryland or New York.

In the case of *Dias v. Chickering,* 64 Md. 348, 354, the appellant being the purchaser of a piano, "without notice," which the appellee sued for in replevin, this court held that the principles involved in the case of *Hall v. Hinks, supra,* and *Levi v. Booth, supra,* were applicable to the facts in that case, and "the evidence below would have justified an instruction to the jury to find a verdict for the defendant," as was done (we think properly) in the instant case. What effect a contract such as the appellant's must be given depends upon the statute sought to be invoked. *Williston on Sales* (2nd Ed.), sec. 327A. Section 55 of article 21 says it shall be "void as to third persons without notice" until recorded. There is no proof of recording in the record. The appellant does not claim to be the absolute owner, nor does it contend that the automobile was stolen from or loaned by it. Its claim of title is under a written contract, the purpose of which was to secure the payment of the purchase money, and, failing in that, the return of the property covered by the contract. In

this respect *Williston on Sales* (2nd Ed.), sec. 304, says the buyer has "exactly the same power over them and right in regard to them that he would have if he had bought them and mortgaged them back to secure the price." Defectively executed or unrecorded chattel mortgages have been held to be preferred in this state as to prior existing creditors, equal to general subsequent creditors, but subject to later lien creditors whose liens were duly executed and recorded or secured. *Tyler Co. v. O'Ferrall,* 153 Md. 353; *Textor v. Orr,* 86 Md. 392; *Praeger v. Implement Co.,* 122 Md. 303, 308. We express no opinion as to what our decision might have been if there had been proof in the record of recording in New York. The law there required recording. What we are deciding is the question presented in the record, in the light of our statute (section 55 of article 21).

Of the other exceptions, three were to questions put to the president and the assistant cashier of the appellee for the purpose of showing that they and the appellee had no actual notice of the appellant's sales contract, and the other was to a question put to the deputy clerk at Cumberland, Frank G. Luman, as to whether there was a conditional sales contract recorded in Allegany County. These questions, under the circumstances in this case, were clearly admissible. If the contract had been of record in Allegany County, the appellee would have had constructive notice. *Finance and Guaranty Co. v. Defiance Motor Truck Co.,* 145 Md. 94. And such evidence would then have been inadmissible. Inasmuch as there appears to have been no such record, the objections to the questions were properly overruled.

*Judgment affirmed, with costs to the appellee.*