DAVID H. SUMMONS *v.* STATE OF MARYLAND.

[No. 78, October Term, 1928.]

*Decided January 25th, 1929.*

The cause was argued before BOND, C. J., URNER, ADKINS, OFFUTT, PARKE, and SLOAN, JJ.

*D. Eugene Walsh,* with whom was *Edward O. Weant* on the brief, for the appellant.

*Robert H. Archer, Assistant Attorney General,* with whom were *Thomas H. Robinson, Attorney General,* and *Theodore F. Brown, State's Attorney for Carroll County,* on the brief, for the State.

PARKE, J., delivered the opinion of the Court.

David H. Summons was indicted in Carroll County on two counts which charged him with the crimes of false pre-

tenses and of a conspiracy to defraud. He was tried before the court, sitting as a jury; acquitted of a conspiracy to defraud, but convicted of the charge of false pretense; and sentenced to the penitentiary for the period of five years. The appeal is from that judgment.

The traverser has advisedly abandoned his demurrer to the indictment, and the questions on this appeal are exceptions to the rulings on the evidence. Code, art. 27, secs. 555, 558; *Carnell v. State*, 85 Md. 1; *State v. Blizzard*, 70 Md. 387.

The traverser did not testify; but the State had offered evidence tending to prove that the traverser was in Carroll County for the purpose of selling the common stock of the Summons Finance Corporation, a Delaware corporation, and that he obtained the sum of $5,000 from the prosecuting witness, G. Harry Bevard, by a sale to him of one thousand shares of the stock at five dollars a share by means of these false representations:

1. That the traverser had sold $2,500 worth of this stock to Ivan L. Hoff, Esq.

2. That the stock he had for sale was the stock of the Summons Finance Corporation, and that all the proceeds of sale of the stock he was selling were being paid over to the corporation in full.

3. That the traverser kept on deposit in the Summons Finance Corporation a large sum of money to pay all dissatisfied stockholders who wished a return of their money.

In the course of this proof, twenty-one exceptions to the rulings on the evidence were taken.

The prosecuting witness testified that he had "subscribed for some of the stock and paid the traverser $100 on account and agreed to take the $5,000 in stock later on." The position of the defence is that this testimony established a binding contract, and that any subsequent representation made by the traverser was inadmissible, on the disputable theory that it is not within the statute to induce a person by false pretenses to do an act which be is legally bound to do, nor to obtain by false pretenses property which the accused has a perfect and complete legal right to receive. *Commonwealth*

*v. Harkins,* 128 Mass. 78; *Commonwealth v. McDuffy,* 126 Mass. 467. But see 25 *C. J.,* sec. 38, p. 610. Accordingly, as the evidence on the part of the State was that, at the time the prosecuting witness asserted he had subscribed for some of the stock and paid $100 on account and agreed to take the $5,000 in stock later on, no misrepresentation had then been made to him by the traverser that the latter had sold $2,500 worth of this stock to Ivan L. Hoff, Esq., the traverser objected to the admissibility of any later misrepresentation to this effect. However, by its very terms, the rule invoked does not apply because, even if there had been a contract of sale, the prosecuting witness was not legally bound to pay, nor had the traverser any legal right to receive, the remaining sum of $4,900 on account of the purchase of the stock, since the contract relied upon by the traverser was unenforceable because of its having been induced by the false pretenses set out in the second and third paragraphs of the bill of particulars, and the applicability here of the rule relied upon depends upon a pre-existing valid contract. Where a party has been induced by false pretenses to enter into a contract, the party who has so procured the party's agreement to the contract cannot have excluded the evidence of his subsequent misrepresentations, whereby he completes the original fraud upon his victim by securing the full fruit of the fraud. In the instant case, the prosecuting witness had informed the traverser that he would not take the remaining stock, and it was to induce him to do so, and pay to the traverser the sum of $4,900, that the traverser falsely represented to the prosecuting witness that Ivan L. Hoff, Esq., of Westminster, an attorney at law, had bought stock to the extent of $2,500.

The first exception is intended to test the correctness of the court's action in admitting this testimony. As will be seen, the exception did not present the question, but it was important, and has been argued; so, treating it as sufficiently reserved, we find there would have been no error in the admission of this testimony.

Returning now to the precise question raised, we find, after

the prosecuting witness had stated that he had sold to Mr. Hoff $2,500 worth of the stock, and then the witness said: "I thought to myself, if he sold to Mr. Hoff—" when he was interrupted by an objection, and a motion was made to strike out "what he thought." The court then refused to strike out the answer, and an exception was taken. It is plain that the witness had not gone far enough to injure the traverser, but later on, without the renewal of the objection, he stated, in substance, that it was this misrepresentation that induced him to take the stock and pay $4,900 to the traverser. For the reasons already assigned, and because the issue in this case was whether the party was deceived by the false pretence, and was induced to part with his property because of such deception, however credulous or careless he may have been in accepting the prisoner's statement, the evidence was admissible. *Reg. v. Woolley,* 1 Denison, 559; *Reg. v. Giles,* Le. & Ca. 502; *Jules v. State,* 85 Md. 305, 314.

Many of the rulings present no question for discussion. The second and third exceptions were taken to merely preliminary questions; the fourth exception was to an unanswered question; the twenty-first exception was taken too late; the evidence admitted on the fifth, tenth and seventeenth exceptions was not prejudicial; and that given under the sixth, seventh, thirteenth, fourteenth, fifteenth and twentieth exceptions was relevant and material. This leaves for consideration the eighth, ninth, eleventh, twelfth, sixteenth and eighteenth exceptions.

Ernest E. Weaver, a stockholder in the company, a director, and its treasurer during a term which included the period from July to December 31st, 1927, was chairman of a committee of investigation recommended by the stockholders and appointed by the directors. As chairman of that committee he examined and investigated the accounts and records of the company in Wilmington; and, over objection, he was allowed to testify that he had found no record of any deposit or fund provided by the traverser for the purpose of the reimbursement of dissatisfied stockholders; that he had no knowledge of any common stock having been sold or

issued except that which was issued at a fixed price for a unit of one share of preferred stock, whose par value was ten dollars a share, with one share of the common stock of the company of no par value; and that a complete personal examination failed to reveal any record showing that the traverser had turned in to the company the proceeds of the sale of any of its common stock. The admissibility of this evidence is raised by the eleventh, twelfth and eighteenth exceptions, and there is no prejudicial error in these rulings. There is no point made that the evidence, although negative in form, is not material and relevant, since the absence of the entries where the entries would have been made, either if the fund had been created, the stock differently sold than upon the plan of a share of the common stock with every share of the preferred stock, or the proceeds of sales by the traverser paid into the company, is equivalent to a declaration that none of these things had been done. *Wigmore on Evidence* (2nd Ed.), sec. 1530; *Carnell v. State,* 85 Md. 1, 6, 7; *Jules v. State,* 85 Md. 305, 314; *Leury v. State,* 116 Md. 284, 289.

The objection to the testimony is that it is not the best evidence of the facts introduced; but we can not agree with this contention, since the purpose was, not to establish the terms of the corporate records or accounts, but to establish facts about these documents other than their contents. The witness was giving primary evidence of facts within his personal knowledge as a result of the exercise of his own powers of observation. On this ground, or on that of the inconvenience of producing before the jury or trial court a large number of documents and accounts to be read and examined before a fact could be ascertained, a competent witness, who has investigated and is familiar with the contents of the entire mass, may testify that certain entries in the corporate records or accounts do not exist. *Wigmore on Evidence* (2nd Ed.), secs. 1242, 1244 (5); *Underhill on Crim. Evidence* (3rd Ed.), sec. 98. Compare *Lawrence v. State,* 103 Md. 17, 38, 39; *Blum v. State,* 94 Md. 375, 387; *Lynn v. Cumberland,* 77 Md. 449, 458; *Newton v. State,* 147 Md. 71, 91.

It is true that the records were not in court, but the company is a foreign corporation, with its place of business outside of Maryland. The State had no way of compelling the production of the company's records and accounts. Nor, since it was a criminal case, was there any statutory provision under which the contents of the original records and accounts of the company could have been obtained under a commission to take testimony. *Young v. State,* 90 Md. 579, 588; *Gillespie v. State,* 92 Md. 171, 175. If these documents had been produced for examination by the jury, greater confusion would have ensued and less accuracy would have resulted than from the testimony of a competent witness whose knowledge had been acquired through an official, complete, and deliberate investigation of all the documents. Under the circumstances, the negative evidence offered was the best obtainable, and no error was committed in its admission.

The crime of false pretenses is not complete unless the party to whom the representations have been made was actually defrauded. So, the representations must operate to the prejudice or injury of the person to whom they were made. Consequently, evidence which tends to show the stock has no value or a less value than what the prisoner knowingly represented the stock to have would be admissible to show a loss had resulted. 2 *Bishop on Crim. Law* (9th Ed.), sec. 417 (4); *Reg. v. Evans,* Bell C. C. 187, 8 Cox C. C. 257; *Commonwealth v. Stone,* 4 Metc. (Mass.), 43. The evidence, therefore, of a qualified witness, that he knew of no offer to sell the common stock on the market having been taken, and that the stock had no market value to his knowledge, tended to show that the prosecuting witness had been cheated, and there was no error in the trial court's ruling on the sixteenth exception.

The prosecuting witness had testified that, after he had purchased his stock from the traverser, he received a notice of a stockholders' meeting at the office of the company in Wilmington, Delaware, and that he attended this meeting a few months after the stock was delivered to him. The prosecuting witness was permitted to testify that at this meet-

ing of the stockholders he was informed that the company had not received anything from the traverser for the stock sold, and that it was stock which the traverser had gotten from the company without paying anything for it. The relevancy and materiality of this testimony is not denied, but it is objected to as being hearsay. The admissibility of this evidence is raised by the eighth and ninth exceptions.

The testimony now under consideration is not based upon any personal knowledge of the witness, but was a statement by the witness of information given him by a committee named to investigate the affairs of the company. It was not shown that the traverser was present at the time, and the evidence was hearsay and inadmissible. However, testimony tending to establish the same facts was given by a competent witness, and if it had been untrue this testimony could have easily been shown to have been false. *Jones v. State,* 55 Md. 350, 359. The traverser produced no evidence on this subject, so the testimony of the second witness is uncontradicted. Under these circumstances the testimony erroneously admitted under the eighth and ninth exceptions was cumulative; and, since this testimony related to but one of the three false pretenses charged, and the undisputed evidence independently sustained the indictment by tending to prove the other two false pretenses set forth in the bill of particulars, there is no reversible error. 2 *Bishop's Crim. Law* (9th Ed.), sec. 418; *Kiterakis v. State,* 144 Md. 81, 83; *Cothron v. State,* 138 Md. 101, 115; *Damm v. State,* 128 Md. 665, 669.

*Judgment affirmed, with costs.*