## MILLSTEIN ET UX. *v.* YOST ET UX.

[No. 101, October Term, 1950.]

*Decided March 15, 1951.*

The cause was argued before MARBURY, C .J., and DELAPLAINE, COLLINS and MARKELL, JJ.

*John A. Latchford* and *Bernard G. Link* for appellants.

*Carrol Hament,* with whom was *Richard S. Klitch* on the brief, for appellees.

COLLINS, J., delivered the opinion of the Court.

This is an appeal by Abraham Millstein and Sarah Millstein, his wife, from a judgment obtained by Edwin C. Yost and Ruth T. Yost, his wife, appellees, against them in the amount of $1,755.00, constituting treble damages for an overcharge in rent of an apartment in Baltimore City for the period from August 1st, 1948, to January 31st, 1950.

On August 1, 1948, the appellants rented a first floor south apartment to the appellees. It is undisputed that the maximum rent of $27.50 per month was set for this apartment by order of the Office of The Housing Expediter on August 10th, 1942. Emergency Price Control Act of 1942 as amended and extended (Act Jan. 30, 1942, Chapter 26, 56 Stat. 23, 50 U. S. C. A. Appendix, § 901 et seq.). The property was purchased by the appellants in April, 1948. It is also undisputed that the appellants charged the appellees $60.00 per month

rent for the apartment during the period from August 1st, 1948, through January 31st, 1950. During the first week of February, 1950, the appellees offered a check for their February rent, but the appellants refused the check, according to the testimony of one of the appellees. The appellants also rejected cash payments if a receipt was required. One of the appellants, Mr. Millstein, explained to Mr. Yost that the appellees were being illegally overcharged, as "everybody in Baltimore was overcharging", according to the testimony of a disinterested witness, a Mr. Neatherly. The appellees then inquired at the Area Rent Office and were told that the maximum rent for their apartment was $27.50 per month. The next week, the appellants petitioned the Area Rent Office for a certificate of eviction directed to the appellees because they needed the apartment for the appellants' daughter and son-in-law. When this was opposed by the appellees, it was dropped. The appellants accepted rent in the amount of $27.50 per month from the appellees for the months of February, March and April, 1950, and $45.00 per month thereafter, which was the adjusted rent after April, 1950, under the 1942 registration. On March 29th, 1950, the appellees filed suit claiming treble damages for the overcharge during the period August 1st, 1948 through January 31st, 1950. 50 U. S. C. A. Appendix, § 1895. From a judgment for treble damages, the appellants appeal. The case comes to this court on the refusal of the trial judge to grant a motion to postpone the trial of the case and on his refusal to grant, or failure to incorporate in the charge to the jury, appellants' third and fourth prayers.

It is clearly settled in this State that the question of a continuance of a case is one addressed to the sound discretion of the Court and unless there is an arbitrary exercise of its discretion, the decision thereon is not subject to review on appeal to this Court. *Mead v. Tydings*, 133 Md. 608, 612, 106 A. 863. *Harris v. State*, 141 Md. 526, 530, 119 A. 154. In a petition filed on June 6th, 1950, in which the appellant requested the

Area Rent Office that the apartment be re-registered and the 1942 registration be declared void, they based their claim on the fact that the apartment had been decontrolled by being occupied by the sister or sister-in-law of the previous owner and because a third floor sleeping room had been added to the accommodations. On June 13th, 1950, the day before the trial, the appellants, at an informal conference, requested the court to postpone the trial because the re-registration petition pending before the Area Rent Office had not been decided. This request was refused. The case went to trial before the trial judge and a jury and resulted in the judgment appealed from. On June 17th, 1950, the rent office dismissed the appellants' application for re-registration and reaffirmed the 1942 registration which made the maximum legal rent $27.50 per month. In addition to the fact that the continuance was within the sound discretion of the court, it is evident that the appellants were not in any way harmed by the refusal of the continuance because the Area Rent Office dismissed the petition of June 6, 1950, which had been relied on as the only reason given for the continuance.

This Act of 1942 was amended by the Housing and Rent Act of 1947 (Act June 30, 1947, Chapter 163, 61 Stat. 193), and this amendment removed from rent control any accommodation "which at no time during the period February 1, 1945, to January 31, 1947, both dates included, were rented (other than to members of the immediate family of the occupant) as housing accommodations." 50 U. S. C. A. Appendix, § 1892, Chapter 3, 1947 edition. The 1942 Act was again modified by the Housing and Rent Act of 1948 (Act March 30, 1948, Chapter 161, 62 Stat. 93) by exempting any accommodation "which for any successive twenty-four month period during the period February 1, 1945, to the date of the enactment of the Housing and Rent Act of 1948 (March 29th, 1948), both dates inclusive, were not rented (other than to members of the immediate family of the landlord) as housing accomodations", (50

U. S. C. A. Appendix § 1892, 1948 ed.). By the Housing and Rent Act of 1949 (Act March 30, 1949, Chapter 42, 63 Stat. 31), effective April 1, 1949, the exemption as to premises rented to members of the immediate family of the occupant was repealed. 50 U. S. C. A. Appendix, § 1894(h) 1950 ed.

In line with appellants' claim that this apartment was rented by a former owner to members of his immediate family, and therefore decontrolled, the appellants offered their third prayer, which prayed the court to instruct the jury: "That if they shall find from the evidence that the apartment occupied by the Plaintiffs was rented to members of the immediate family of the landlord for twenty-four (24) successive months during the period from February 1, 1945 to March 30, 1948, then the Jury shall find that the apartment occupied by the Plaintiffs was decontrolled for the period from August 1, 1948 until April 1, 1949, as provided under the Housing and Rent Act of 1948, and shall, therefore, find that the Defendants did not violate the said act and are not liable for any overcharge of rent for this period." The trial judge refused this prayer. After the jury was instructed, the attorney for the appellants called to the attention of the trial judge his failure to incorporate this third prayer in his instruction and took a special exception to this. The court then added to the instruction the following: "One of the defenses of the Defendants is that a Mr. Kacik owned this property and that his sisters lived there under a certain arrangement and that took the case out of the control of the Housing Authorities. The Defendants contend that the arrangement existed for more than twenty-four months and, under the law, that took the house from under the control of the Housing Authorities. If you find that it did release this property from the Federal Regulations, then you should find for the Defendants. If you should find that it did not take the property from the jurisdiction of the Housing Authorities then you should base your verdict for the Plaintiffs on the rent permissible within

the forty-two registration. If you find that the property was under the control of the Housing Authorities, then you can allow damages after April the first, 1949, until January the thirty-first, 1950." The determination as to whether the term "immediate family" as used in the Act, included a sister or sister-in-law of the previous owner, was obviously a matter of statutory interpretation and a question of law for the court and not for the jury. See Code of Federal Regulations, Title 24, Section 825.6 (c) (1) as to removal of tenant. U. S. Code, Congressional Service, 1948—Vol. 2, page 1503, Conference Report No. 1611, Mar. 24, 1948—Housing and Rent Act of 1948. In *Higgins v. Safe Deposit & Trust Company of Baltimore, etc.,* 127 Md. 171, at page 174, 96 A. 322, at page 323, involving the construction of a will it was said: "* * * in a practically unbroken line of decisions it is held that the use of the word 'family' means parents and children, whether living together or not. (*C[r]osgrove v. C[r]osgrove,* 69 Conn. 416, 38 A. 219) * * *." The appellants can hardly object to the failure to incorporate this prayer in the instruction to the jury because, although they were in error in making this request, the trial judge did exactly what appellants asked.

The remaining exception of the appellants is to the failure of the trial judge to grant their fourth prayer or incorporate it in his instruction to the jury. That prayer follows: "The Defendants, Abraham Millstein and Sarah Millstein, his wife, pray the Court to instruct the Jury that if they shall find from the evidence that the third floor of the premises located at 4423 Pimlico Road, Baltimore 15, Maryland was rented to the Plaintiffs and that said third floor was not registered with the apartment of the Plaintiff, then they shall set a fair amount as rent for these rooms in assessing any damages against the Defendants in this case." The evidence in the case shows that this third floor was an attic without heat or electricity in which the floors and ceiling were unfinished. It was used by the appellees occasionally and by other tenants of the apartment house

354

for the hanging of clothes on rainy days. It was also used by other tenants, not the appellees, and by appellees' sister for storage purposes at times. When Mrs. Yost, one of the appellees, asked Mr. Millstein, one of the appellants, how much extra rent he wanted for the use appellees had made of the attic, he replied that he didn't want anything for it. There was therefore no evidence in the case to support this prayer that the attic was rented to the appellees and the prayer was properly refused. The judgment will be affirmed.

In the lower court appellants did not plead limitations, and in this case no question was argued or presented as to the one year period of limitations under § 205 (e) of the Emergency Price Control Act of 1942, as amended, 50 U. S. C. A. Appendix, § 925 (e). *Woods v. Stone,* 333 U. S. 472, 68 S. Ct. 624, 92 L. Ed. 815.

*Judgment affirmed, with costs.*