## SCHRODER *v.* STATE
[No. 54, October Term, 1954.]

*Decided February 14, 1955.*

The cause was argued before BRUNE, C. J., and DELA-PLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

Submitted on brief by *Harold E. Naughton,* for appellant.

*James H. Norris, Jr.,* Assistant Attorney General, with whom were *Edward D. E. Rollins,* Attorney General, *Paul H. Fletcher,* State's Attorney for Allegany County, and *James S. Getty,* Assistant State's Attorney, on the brief, for appellee.

BRUNE, C. J., delivered the opinion of the Court.

This is an appeal from a judgment of the Circuit Court for Allegany County entered upon a verdict of guilty under an indictment which charged the appellant with bigamy. The questions raised by the appeal are these: first, whether it was error for the trial court to permit the introduction into evidence of a marriage certificate not constituting a public, official record; and second, whether it was error for the trial court to permit the case to remain open for the introduction of additional documentary evidence by the State after testimony and argument had been concluded by both sides. In the interest of

brevity and simplicity, we shall take these questions up in reverse order to that in which they arose and in which they are stated above and in the briefs.

The appellant was indicted on April 9, 1953, but because of continuances granted to the State at three terms of Court the case did not come to trial until April 20, 1954. At the trial the prosecuting witness, Elsie Walther Schroder, a resident of New Jersey, testified that she was married to the appellant in Hoboken, New Jersey, on December 13, 1947. She further testified that the ceremony was performed by a Reverend John Lehnert in the office of John Muller, a Justice of the Peace and a real estate dealer. Testimony showed that John Muller, the real estate dealer, had made all arrangements for the marriage for a fee of fifty dollars. Appellant denied entering into a marriage with the prosecutrix but admitted that he had signed the application for the marriage license in the office of John Muller. A certificate of marraiage, purporting to be signed by the Reverend Mr. Lehnert and by two witnesses, was admitted into evidence over the objection of the appellant. The prosecutrix was not certain whether she had received it from the Reverend Mr. Lehnert or from John Muller. This certificate did not constitute a public official record and therefore could not have been authenticated as such. A child was born to the appellant and the prosecutrix on September 30, 1948. The appellant's testimony, if true, would bastardize this child.

The appellant admitted that on May 30, 1952, using the fictitious name of Johannas A. Schroter, he married Betty Jane Wilson in Cumberland. They have no child. He attributed his use of a fictitious name to what he claimed to be business reasons, the establishment of credit. Just how this would help him to establish credit is not made clear.

After the State and the defense had rested and after argument had been concluded on April 20, 1954, the trial judge expressed his then belief that the defendant was guilty, but ordered that an investigation of the case be

made by the probation officer and further stated that he wanted the marriage license record (from New Jersey), certified under the Act of Congress, brought in before he made any final disposition of the case. He also commented that it should have been so presented that day. On May 29, 1954, the case was resumed and the marrige record from New Jersey, duly certified and authenticated, was offered and admitted into evidence. This record included copies of the declarations of the male applicant and of the female applicant for a marriage license and the marriage certificate. It shows that the marriage was performed by the Reverend J. Lehnert at Hoboken, New Jersey, on December 13, 1947, in the presence of the same witnesses who were named in the certificate offered at the trial on April 20, 1954. The appellant objected to the admission of the record, stating that the prosecuting witness was not available for further cross-examination. When the court asked what the appellant expected to prove, the answer was that he did not know what he could prove but he could cross-examine in reference to the exhibits. The court further offered the appellant time to produce the prosecutrix under the Uniform Witness Act but the appellant declined the offer.

The admissibility of the authenticated marriage record is not challenged. It was clearly admissible as evidence. Code (1951), Article 35, Section 50; Wright v. State, 198 Md. 163, 81 A. 2d 602; U. S. C., Title 28, Section 1739. The only challenge is based on the time of its admission. This has two aspects—one that the case ought not to have been continued or reopened at all after the trial on April 20th; the other that admitting this evidence in the absence of the prosecuting witness deprived the appellant of the opportunity to cross-examine her further. The latter objection seems wholly without merit, both because the opportunity for further questioning of this witness was offered by the Court and declined by the appellant and because there is no suggestion whatever as to what information of value to the appellant could have been obtained by such cross-examination.

The appellant's contention that the trial court abused its discretion in continuing or reopening the case we find to be also without merit. The court's insistence upon the production of the properly authenicated marriage record was possibly the result of the appellant's objection to the admissibility of the informal or ministerial marriage certificate. The judge evidently sought to obtain the best evidence (*Wright v. State, supra*) and to eliminate any suspicion to which the absence of such a duly recorded and authenticated certificate might have given rise (as to which also see *Wright v. State, supra*).

It has long been a well settled rule in this State that the granting or refusing of a continuance is within the sound discretion of the trial court and will not be set aside on appeal unless the exercise of that discretion has been arbitrary. *Mead v. Tydings*, 133 Md. 608, 612, 105 A. 863, 864; *Harris v. State*, 141 Md. 526, 530, 119 A. 154, 156; *Millstein v. Yost*, 197 Md. 348, 350, 79 A. 2d 149, 150; *Plank v. Summers*, 205 Md. 598, 605. It has also been held to be within the sound discretion of the trial court to reopen a case and permit additional testimony. *Guyer v. Snyder*, 133 Md. 19, 22, 104 A. 116, 117; *East Baltimore Transfer Co. v. Goeb*, 140 Md. 534, 537, 118 A. 74, 75. See also *Poe, Practice,* 5th Ed., Section 288 A and cases cited therein, and *Neimoth v. State*, 160 Md. 544, 554, 154 A. 66, where it is stated that the recall of a witness and the limitation of his testimony if recall is permitted are within the discretion of the trial court. In the instant case, which was tried by the Court without a jury, we think that it was a proper exercise of the discretion of the trial court to continue the case for the purpose of obtaining and receiving in evidence a duly certified and authenticated copy of the marriage record from another state.

We now turn to the other ground of the appeal, namely, appellant's contention that it was error for the lower court to admit the informal or ministerial marriage certifiicate in evidence.

It does not seem necessary, in view of our decision with regard to the propriety of holding the case open until the

duly authenticated copy of the New Jersey marriage record was obtained and offered in evidence, to discuss this contention at length. The subject of "Proof of Marriage" is dealt with in an article so entitled in 2 *Md. Law Review*, 120-138. At page 127 it is stated that "Duly authenticated documentary evidence together with adequate identification of the parties named therein is a proper method of proving a marriage by direct evidence. For this purpose marriage records, licenses and certificates and church registers, whether of this State or another State, are admissble, if properly authenticated."

More recently, in *Wright v. State*, above cited, this Court, in an opinion by Judge Delaplaine said (pp. 168-169) : "We acknowledge that a certified copy of an official record of a marriage is not the only means of establishing proof of the marriage. * * * Whatever is admissible under the general rules of evidence and satisfies the triers of the facts to the requisite degree of certainty is sufficient to prove a marriage. *State v. Sherwood*, 68 Vt. 414, 35 A. 352. Of course, the safest practice is to present the record evidence, which is *prima facia* sufficient. While the testimony of husband or wife or of persons who attended the wedding is good evidence of the marriage without the introduction of a certified copy of the record, yet under some circumstances the absence of a certified copy may create suspicion."

What the informal certificate shows is in exact accord with what the duly authenticated marriage certificate shows. It may be considered as only cumulative, and we think that the evidence is plainly sufficient to sustain the conviction even if the informal certificate had been excluded entirely. Accordingly, its admission, even if erroneous, was not prejudicial and does not call for a reversal. *Kiterakis v. State*, 144 Md. 81, 83, 124 A. 401, 402; *Summons v. State*, 156 Md. 382, 389, 144 A. 497, 500; see also *Eureka-Maryland Assurance Corporation v. Scalco*, 158 Md. 73, 74, 148 A. 267, 268.

*Judgment affirmed, with costs.*