## DONALD LEE TINGLER AND HARRY LEE WRIGHT
## *v.* STATE OF MARYLAND

[No. 140, Initial Term, 1967.]

*Decided June 6, 1967.*

The cause was argued before ANDERSON, MORTON, ORTH, and THOMPSON, JJ., and O'DONNELL, J., Associate Judge of the Eighth Judicial Circuit, specially assigned.

*Richard M. Hartman* for appellant Tingler, and *Daniel E. Klein, Jr.,* for appellant Wright.

*Alan M. Wilner, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *Howard Cardin, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

THOMPSON, J., delivered the opinion of the Court.

Donald Lee Tingler and Harry Lee Wright, the appellants, complain of a conviction for larceny after trust by the Criminal Court of Baltimore, sitting without a jury, alleging (a) the evidence was insufficient to support their convictions and (b) that they were denied due process of law because a police officer was allowed to correct his testimony after the State had rested its case.

Around noon on February 8, 1966, Tingler and Wright went to the used car lot of Sandy Lane Motors, on Harford Road, in the City of Baltimore. When they showed an interest in purchasing a 1963 Ford automobile, the manager put license tags on it and gave them permission to drive it around the block to see if they liked it. When the car was not returned three or four hours later the manager notified the police.

Officer Norman Jordan, of the Anne Arundel County Police Department, stopped the car in Glen Burnie at about 5:30 A.M. the next morning for a routine check. He asked specifically about the used car plates, and Wright, the driver, informed him that he was an employee of the used car company. A check revealed that the car was missing and the appellants were held for the Baltimore Police. A set of Ohio license tags

was found in the automobile; all of the car's hubcaps and the inspection sticker were missing. The door panel had been dented. No explanation for the damage or missing items was offered by the appellants and no explanation was given as to the Ohio license tags. Donald Lee Tingler and Dennis Tingler, a brother, were also in the automobile at the time it was recovered but Dennis was acquitted by the trial judge.

Wright testified that instead of driving around the block, he drove Tingler home and then took the car out on the beltway, ending up in Glen Burnie which was 15 to 20 miles from the used car lot. He stated that at or about 2:00 or 2:30 P.M. he ran into a snowbank on a side street and when he was unable to remove the car, he took a taxi to Baltimore. At or about 7:00 P.M. he decided to go back to Glen Burnie and get the car, which was moved by a wrecker he had engaged. He returned to Baltimore about 8:30 P.M. and went by the used car lot; but finding it closed he drove on to Tingler's house. He stayed until 4:30 A.M. when he and the two Tinglers drove to Glen Burnie. The Tinglers did not testify.

The trial judge found the two appellants were entrusted with the automobile for the purpose of enabling the owner thereof to make a sale and that the circumstances under which the car was found indicated their intention to fraudulently convert the vehicle to the use of the appellants.

As the appellants contend, the essential element of larceny after trust (Code, Article 27, Sec. 353) is the fraudulent conversion, *Bowen v. State,* 206 Md. 368, 111 A. 2d 844. In *Pachmayr v. State,* 1 Md. App. 270. 229 A. 2d 434, this court found that there was no evidence to support a finding of a fraudulent intent to permanently deprive the owner of his vehicle, where the person to whom the car had been entrusted reported to the police that it had been stolen from his possession and was in constant communication with the owner during the period the car was missing. No such facts are present in the instant case. The missing hubcaps, the missing inspection sticker, the Ohio license plates and the presence of both appellants at the time the vehicle was entrusted as well as at the time it was recovered, all support the findings of the trial judge that both appellants were guilty of larceny after trust. We cannot say his findings were

clearly erroneous and, therefore, under Maryland Rule 1086 we must affirm. Of course, there is no obligation on the trial court to believe the statements of the accused, *Weaver v. State,* 226 Md. 431, 174 A. 2d 76.

The action of the trial court in permitting the State to reopen its case for the presentation of testimony is within its sound discretion, and we see no abuse thereof, *Hamm v. State,* 233 Md. 248, 196 A. 2d 464; *Schroder v. State,* 206 Md. 261, 111 A. 2d 587.

*Judgments affirmed.*