WALCHUCK, TO OWN USE AND USE OF GLENS FALLS INSURANCE COMPANY *v.* HARTING, TRADING AS WILLIAM A. HARTING COMPANY, AND BRADSHAW

[No. 151, September Term, 1960.]

*Decided February 17, 1961.*

The cause was argued before HENDERSON, HAMMOND, PRESCOTT, HORNEY and SYBERT, JJ.

*Marvin Ellin,* for appellant.

*Max Sokol* and *Melvin J. Sykes,* with whom were *Dickerson, Nice & Sokol* and *Emanuel H. Horn* on the brief, for appellees.

336

In an automobile accident case, in which liability was admitted, the jury rendered a verdict in favor of the appellant for $6,750. The appeal challenges the ruling of the trial court in declining to permit counsel for the appellant to reopen the case in order to read to the jury certain parts of the appellant's pretrial deposition and also presses an objection to a "hypothetical" question posed by counsel for the appellees to a medical witness.

The sole issue in the case was the extent of the plaintiff's personal injuries caused by the accident. In cross-examination of the appellant, counsel for the appellees sought to elicit the fact that he had not complained about pain in the lower back when he first consulted his family physician, Dr. Henderson, after the accident. His attention was called to his pretrial deposition in which he replied to a question as to what he told the Doctor as to the part of his body that was hurt, by stating: "At that time I was starting to hurt right up between my shoulder blades." Counsel for the appellees did not bring out that in reply to a subsequent question as to what he told the Doctor he replied: "I told him my back was hurting. He told me he couldn't see to my back, he would send me for x-rays". It may well be that the subsequent allusion to "back" referred to the portion of the back between the shoulder blades rather than the lower back where it was claimed that the accident caused an aggravation of a pre-existing spinal defect. In any event counsel for the appellant had an opportunity to clear the matter up on redirect but failed to do so probably as a matter of trial tactics. The witness might well have admitted that he had no pain except in the upper back at that time. Neither at that time nor at any time until he closed his case did counsel for the appellant ask that the omitted answer be read to the jury, as permitted by Maryland Rule 413 a 4. See also *Reid v. Humphreys,* 210 Md. 178, 187. We cannot find that the trial court abused its discretion in refusing to allow the case to be reopened for that purpose. Cf. *Trombero v. McWilliams,* 221 Md. 399, 403.

The "hypothetical" question was put to Dr. Macht in cross-

examination and sought to elicit an opinion as to what weight should be given to the fact that a patient "only complained [to his attending physician] of pain between the shoulder blades". The objection was because "that is not in evidence". We think such an inference could be drawn from the evidence as presented and could have been drawn even if the omitted answer in the deposition had been before the jury without explanation. As a matter of fact the question was never answered, and the next question was not objected to. Moreover, we think there is no showing of prejudice. In reply to the next question the witness testified that the appellant complained of pain in the lower back when he first saw him and that he would not necessarily attach significance to a failure to complain of such pain immediately after an accident, for "a patient is usually shaken up and signs and symptoms will not appear for a few days". There was no reversible error, if error at all.

*Judgment affirmed, with costs.*