745 A.2d 1074

Sophia **COOPER**

v.

Michael J. **SACCO** et al.

No. 72, Sept. Term, 1999.

Court of Appeals of Maryland.

Feb. 11, 2000.

**624**

Darren Margolis (Bierer, Allentoff & Margolis, P.A., on brief), Baltimore, for petitioner.

Karen A. Besok (Karen S. Byard, Karen A. Besok & Associates, on brief), Baltimore, for respondents.

Argued before BELL, C.J., and ELDRIDGE, RODOWSKY, RAKER, WILNER, CATHELL, HARRELL, JJ.

CATHELL, Judge.

Sophia Cooper, petitioner, seeks review of an order of the Circuit Court for Baltimore County affirming, on the record, a judgment for respondents Gregory Vlachos and Robert Sacco in the District Court of Maryland. At trial, after petitioner, the plaintiff before the District Court, closed her case-in-chief, respondents moved for judgment, alleging that petitioner failed to prove that either of the respondents drove or owned the motor vehicle involved in the alleged accident. Petitioner requested that the trial judge reopen the case and allow her to read a portion of respondents' answers to interrogatories into the record in order to prove the identity of the driver and owner of the vehicle.[1] The trial judge refused and entered judgment for respondents. Petitioner presented two issues to this Court in her Petition for Writ of Certiorari:

> [I.] Did the trial judge abuse his discretion in refusing to allow the [p]etitioner to reopen her case?

> [II.] Was [p]etitioner required to present evidence of ownership of the [r]espondent's motor vehicle, or identify the driver, when [r]espondents did not demand specific proof of those issues ... ?

In our order granting the petition, we added a third question: "Was Maryland Rule 3–308 satisfied by the Respondents' Notice of Intention to Defend which contained a demand for strict proof of Petitioner's claim?" Because we answer the

---

1. Petitioner in her motion for reopening asserted that respondents had admitted in their answers to interrogatories that they were the proper parties.

first question in the affirmative and the second and third questions in the negative, we reverse and remand this case for a new trial.

## I. Background

While driving home from work on May 29, 1996, petitioner attempted to make a left-hand turn from Eastern Avenue onto Marlyn Avenue to reach a gas station. As she waited for traffic to pass before turning, petitioner was struck from behind by a car allegedly driven by respondent Sacco and owned by respondent Vlachos, who was a passenger. Asserting that the impact of this collision caused her neck injuries and migraine headaches, petitioner filed suit in the District Court seeking $20,000 in damages. In her complaint, petitioner specifically alleged that "[t]he vehicle driven by [respondent] Sacco was owned by [respondent] Vlachos, and [respondent] Sacco was operating the vehicle as the agent, servant and/or employee of [respondent] Vlachos, or, in the alternative, with the latter's permission."

Respondents filed a Notice of Intention to Defend as required by Maryland Rule 3–307. They did not file the standard form notice supplied by the District Court with the Writ of Summons; instead, counsel for respondents drafted her own notice, in pleading form, which stated that respondents "demand[ed] strict proof from [petitioner] of her claim." No demand was made specifically for petitioner to prove ownership of the vehicle.

At trial, petitioner's case-in-chief consisted solely of her testimony, during which she described the accident and her alleged injuries, but never specifically identified either respondent as a negligent party. As noted, *supra*, respondents moved for judgment upon conclusion of petitioner's case, arguing that she had not proved who caused the accident or owned the vehicle. The following exchange occurred:

[Defense Counsel]: Your Honor, I'm going to make a motion and I'm going to specifically request judgment based on the fact that the Plaintiff has not identified any individual in this courtroom as being the person who may have caused

any injury to his client and on the rest of the issues I'll submit.

COURT: Do you wish to be heard as to that point?

[Plaintiff's Counsel]: If necessary, Your Honor, I'd request that we reopen the case. I have the Defendant's Answers to Interrogatories and I can read from them into evidence. I've never had this come up as a dispute before. There was no genuine dispute prior to trial that this was the driver. That's the only reason why I didn't bother to do that. I mean if I thought it was going to be an issue I would have certainly presented it.

COURT: Well, Counselor, proving your case is always an issue. . . . The proof of your case is to identify the parties that are responsible. Whether you thought or have ever had to do that in the past is of little or no consequence here and your case rises and falls based upon the evidence which has been presented thus far.

I would certainly anticipate that Counsel would . . . vehemently object to your reopening your case since you have closed it . . . and she has raised the argument that you have not identified any of the parties as being the parties who are responsible. And I'm going to grant her motion. Judgment is denied.

Petitioner appealed the ruling of the District Court to the Circuit Court for Baltimore County. That court affirmed, holding that petitioner had not preserved the issue of whether respondents were required to demand specifically that petitioner prove ownership rather than making a general demand for strict proof. The court also held that the decision of the District Court not to reopen the case was "within its sound discretion and will not be grounds for appeal." Petitioner sought a writ of certiorari from this Court, which we granted.

## II. Discussion

### A. Demand for Proof

Maryland Rule 3–307 requires defendants in the District Court to file a notice of intention to defend within fifteen days of receiving service of the complaint:

**Rule 3–307.   Notice of Intention to Defend.**

(a) **To be filed with court—Service not required.** The defendant, including a counter-defendant, cross-defendant, and third-party defendant, shall file with the court a notice of intention to defend which may include any explanation or ground of defense.   The defendant need not serve the notice on any party.

(b) **Time for filing.** The notice shall be filed within 15 days after service of the complaint, counterclaim, cross-claim, or third-party claim, except if service is made outside this State or upon a statutory agent for a defendant, the notice shall be filed within 60 days after service.

Maryland Rule 3–308 requires the defendant to make a "specific demand" that certain issues be proven by the plaintiff or they are admitted:

**Rule 3–308.   Demand for proof.**

When the defendant desires to raise an issue as to (1) the legal existence of a party, including a partnership or a corporation, (2) the capacity of a party to sue or be sued, (3) the authority of a party to sue or be sued in a representative capacity, (4) the averment of the execution of a written instrument, or (5) the averment of the ownership of a motor vehicle, the defendant shall do so by specific demand for proof.   The demand may be made at any time before the trial is concluded.   If not raised by specific demand for proof, these matters are admitted for the purpose of the pending action.   Upon motion of a party upon whom a specific demand for proof is made, the court may continue the trial for a reasonable time to enable the party to obtain the demanded proof.

The second question presented by petitioner hinges on whether compliance with Rule 3–308 requires defendants in the District Court to specify which of the five issues listed, or any combination thereof, they request that a plaintiff prove at trial.   Respondents suggest that a broad demand for "strict proof," such as the one they filed in the case *sub judice,* satisfies the rule.   Petitioner argues that such a demand does

not satisfy the edicts of Rule 3–308. We hold that a broad demand for "strict proof" does not suffice and that, to demand that a plaintiff prove any of the five issues listed in Rule 3–308, defendants must state specifically which issues they wish the plaintiff to prove at trial. Otherwise, the issue or issues for which proof is not sought are admitted.

The rationale behind this holding is the separate and distinct origins of the issues listed in Rule 3–308 and the similarity of Rule 3–308 to Rule 2–323(f), its companion rule in the circuit courts, which requires greater detail in pleading these five issues. We begin this analysis by noting the general tenets of statutory construction, which apply to the drafting of the Maryland Rules as well. *See State v. Bell,* 351 Md. 709, 717, 720 A.2d 311, 315 (1998); *State v. Harrell,* 348 Md. 69, 79, 702 A.2d 723, 728 (1997); *In re Victor B.,* 336 Md. 85, 94, 646 A.2d 1012, 1016 (1994).

> We have repeatedly stated that "[t]he cardinal rule of statutory construction is to ascertain and carry out the true intention of the legislature." *Condon v. State,* 332 Md. 481, 491, 632 A.2d 753[, 757] (1993). To discern the legislative intent, we must consider the "general purpose, aim, or policy behind the statute." *Id.* While great weight is given to the plain meaning of the statute's language, *Tucker v. Fireman's Fund Ins. Co.,* 308 Md. 69, 73, 517 A.2d 730[, 731–32] (1986), we examine this language in the context in which it was adopted. *Motor Vehicle Admin. v. Mohler,* 318 Md. 219, 225, 567 A.2d 929[, 932] (1990). In this light, "[i]t is often necessary to look at the development of a statute to discern legislative intent that may not be as clear upon initial examination of the current language of the statute." *Condon, supra,* 332 Md. at 492, 632 A.2d [at 758] (citing *Mohler, supra,* 318 Md. at 225–27, 567 A.2d 929).

*C.S. v. Prince George's County Dep't of Soc. Servs.,* 343 Md. 14, 24, 680 A.2d 470, 475 (1996) (some alterations in original). We have also said that statutes and rules "relating to the same subject matter or sharing a common purpose should be read together." *Farris v. State,* 351 Md. 24, 29, 716 A.2d 237, 240 (1998) (citing *Gargliano v. State,* 334 Md. 428, 436, 639 A.2d

675, 679 (1994)); *see also Gardner v. State,* 344 Md. 642, 649, 689 A.2d 610, 613 (1997).

Maryland Rule 2–323(f), applicable to the circuit courts, is quite similar in function to Rule 3–308. Instead of a "demand for proof," Rule 2–323(f) requires a "negative averment" to the same five issues contained in Rule 3–308, including ownership of a motor vehicle, which are called "negative defenses" in the circuit courts. The procedure, however, is generally the same: the defendant must specifically plead each negative defense, or the matter is admitted. Of note, Rule 2–323(f) requires that each negative defense pleaded be supported by any particulars within the pleader's knowledge:

> (f) **Negative defenses.** Whether proceeding under section (c) or section (d) of this Rule, when a party desires to raise an issue as to (1) the legal existence of a party, including a partnership or a corporation, (2) the capacity of a party to sue or be sued, (3) the authority of a party to sue or be sued in a representative capacity, (4) the averment of the execution of a written instrument, or (5) the averment of the ownership of a motor vehicle, the party shall do so by negative averment, *which shall include such supporting particulars as are peculiarly within the pleader's knowledge.* If not raised by negative averment, these matters are admitted for the purpose of the pending action. Notwithstanding an admission under this section, the court may require proof of any of these matters upon such terms and conditions . . . as the court deems proper. [Emphasis added.]

The purpose for requiring such particulars is to put the plaintiff on notice of the factual basis for each negative defense.

Rule 3–308 does not require "supporting particulars," most likely because of the desire to keep pleading in the District Court simple and speedy. The concept of notice still applies in the District Court, however, and to Rule 3–308. At a minimum, a District Court defendant is required to put the

plaintiff on notice as to which of the five issues in Rule 3–308 the defendant requires the plaintiff to prove at trial.

Our holding is also supported by the individual origin of these five issues before their consolidation in Rule 3–308. Rule 3–308 was derived mostly from Maryland District Rule 302 a (1977) ("Notice of Intention to Defend"), which stated, in relevant part:

> The defendant, including a third-party defendant, shall file with the court a notice of intention to defend and demand for proof. However, whenever the partnership of any parties, the incorporation of any alleged corporation, the representative character of any party, the execution of any written instrument[,] the original or a copy of which is filed in the action, or the ownership of a motor vehicle is alleged in the pleadings in any action, the fact is admitted insofar as that action is concerned, unless the opposite party demands strict proof thereof before any hearing of the action shall be concluded.

District Rule 302 a did not contain the requirement, now in Maryland Rule 3–308(2), that the defendant must demand proof of "the capacity of a party to sue or be sued." Although the annotations to Rule 3–308 do not indicate any source, it appears that the capacity language was derived from Federal Rule of Civil Procedure 9(a), which reads, in relevant part:

> **Rule 9. Pleading Special Matters**
>
> **(a) Capacity.** ... When a party desires to raise an issue as to the legal existence of any party or the capacity of any party to sue or be sued or the authority of a party to sue or be sued in a representative capacity, the party desiring to raise the issue shall do so by specific negative averment, which shall include such supporting particulars as are peculiarly within the pleader's knowledge.

*Cf.* Md. Rule 2–323(f) annot. (noting that part of the circuit court rule, presumably the negative defense pertaining to capacity, was derived from Fed.R.Civ.P. 9(a)).

Moving further back in time, District Rule 302 a, as originally drafted in 1972, consisted of only its first sentence, which

vaguely required that the defendant file a "demand for proof," along with the notice of intention to defend. The language that listed the issues for which the defendant must demand strict proof was added in 1973. *See* Minutes of the Court of Appeals Standing Committee on Rules of Practice and Procedure 1–2 (May 17–18, 1973). The May 17–18 minutes of the Rules Committee and the annotations to District Rule 302 do not indicate the source of the language added in 1973. The language appears to have come mostly from Maryland Rule 311 a (1971) ("Admission by Failure to Deny"), which stated: [2]

Whenever the partnership of any parties, the incorporation of any alleged corporation, the execution of any written instrument, the original or a copy of which is filed in the action, or the ownership of a motor vehicle is alleged in the pleadings in any action, such fact shall be deemed to be admitted insofar as such action is concerned, unless it shall be denied by the next succeeding pleading of the opposite party to the merits.

Rule 311 a, however, did not contain the "representative character of a party" language added to District Rule 302 a (which is now "(3) the authority of a party to sue or be sued in a representative capacity" in Maryland Rule 3–308). That language apparently came from Maryland Rule 323 a (1971) ("Motion Raising Preliminary Objection"), which stated that "[t]he following defenses may at the option of the pleader be made by motion: ... (6) lack of legal capacity to sue on part of plaintiff[.]" *Cf.* Md. Rule 2–323(f) annot. (noting that part of the circuit court rule, presumably the negative defense to representative capacity, was derived from Maryland Rule 323 a).

The original source of the other issues in Maryland Rule 311 a, the existence of a business entity, the execution of a written contract, and ownership of a motor vehicle, was Maryland Code (1951), Article 75, section 28(108)-(109) ("Forms of

---

**2.** Maryland Rule 2–323(f), the circuit court rule on negative defenses, was derived mostly from former Maryland Rule 311(a) in 1982. The text of Rule 311(a) had not changed between 1971 and 1982.

Pleadings"). Section 28(108)-(109) required that these issues be "denied" by the defendant, or else they were admitted at trial. Paragraph 108 required the denial of the existence of any partnership or corporation, and the denial of the execution of any written instrument:

> Whenever the partnership of any parties, or the incorporation of any alleged corporation, or the execution of any written instrument filed in the case is alleged in the pleadings in any action or matter at law, the same shall be taken as admitted for the purpose of said action or matter, unless the same shall be denied by the next succeeding pleading of the opposite party or parties.

The requirement to deny the ownership of a motor vehicle was contained separately in paragraph 109:

> Whenever the ownership of any motor vehicle is alleged in the pleadings in any action or matter at law, the same shall be admitted for the purpose of said action or matter, unless the ownership shall be denied by the next succeeding pleading of the opposite party or parties.

This detailed history of the various sources of the issues listed in Rule 3–308 (and Rule 2–323(f)) indicates their originally separate and distinct function. The codification of these various issues in separate statutes and court rules presumably required separate procedures and filings. A defendant had to "demand proof" of, "deny," or raise a "preliminary objection" to specific matters in order to make it necessary for the plaintiff to prove them. Their codification under one procedural rule today merely indicates that "demand for proof" of all of these issues, or any combination of them, may be done at one time and in one document; it does not indicate that a defendant no longer needs to specify which of these five completely different issues he or she wishes a plaintiff to prove. In other words, the simplification worked by Rule 3–308 has been to reduce the number and complexity of filings for defendants in the District Court, not to eliminate the requirement that they put the plaintiff on notice of their specific demands.

A number of this Court's opinions interpreting section 28(108) and (109) further reflect our understanding that request for proof of each individual issue must be pleaded specifically or the matter or matters are admitted. In *Fifer v. Clearfield & Cambria Coal & Coke Co.*, 103 Md. 1, 3, 62 A. 1122, 1122–23 (1906), for instance, we discussed the effect of paragraph 108, saying:

> The words "the same shall be taken as admitted for the purpose of said action or matter," refer to the allegations of "partnership of any parties, & c., the incorporation of any alleged corporation," and "the execution of any written instrument" alleged in the pleadings. The failure to deny *any* of these in the next succeeding pleading, operates as an admission against the opposite party.... The failure of the appellee to make denial *of the execution of the contract* as set out in the declaration, had the effect ... of relieving the appellant of proving it.... [Emphasis added.]

Our use of the word "any" indicated this Court's belief that a defendant had to plead one, some, or all of the various issues in section 28(108) to avoid the issue being admitted. In addition, we held that the failure of the party to deny, specifically, execution of the contract in that case rendered that issue admitted. The same rule applies to the requirement, codified separately at the time, that the defendant must specifically plead that the plaintiff prove ownership of a motor vehicle to avoid that issue being admitted. *See Finney v. Frevel*, 183 Md. 355, 359, 37 A.2d 923, 925 (1944) ("Ownership and operation of the car, however, are alleged in the declaration to be in Frevel. As the ownership was not denied by him in the next succeeding pleading, for the purpose of this case, ownership is admitted in him." (citing § 28(109))); *Gutheridge v. Gorsuch*, 177 Md. 109, 114, 8 A.2d 885, 887 (1939) ("Defendant's failure to deny ownership of the two motor vehicles in the next succeeding pleading had the effect of admitting it, for the purpose of the suit ...."); *cf. Aetna Cas. & Sur. Co. v. Chisman*, 528 P.2d 1317, 1318 (Colo.Ct.App.1974) (holding that the defendant's failure, in a conversion action, to deny that the plaintiff owned the vehicle admitted that fact under the Colo-

rado procedural rules); *Astor Elec. Serv., Inc. v. Cabrera*, 62 So.2d 759, 761 (Fla.1952) (noting that, in an automobile tort case, "the allegations of ownership [of the automobile] being undenied would seem to settle that question for the purpose of this case.").

Finally, our holding in the case *sub judice* supports the original purpose behind the requirement that a defendant specifically demand proof for each issue listed in Rule 3–308. We discussed the purpose behind section 28(109) in *Pennsylvania Railroad Co. v. Lord*, 159 Md. 518, 528, 151 A. 400, 404–05 (1930):

> The evil or inconvenience of the burden which the law, prior to the passage of this legislation, imposed upon the plaintiff, and which the Legislature had in mind to correct, was that of requiring the plaintiff to prove the defendant's ownership of the automobile as a fact necessary to recovery, which fact in most cases would be undisputed and not susceptible of successful denial, yet which, if not formally admitted by the defendant, would require such proof on the part of the plaintiff.... It simply was intended to dispense with the necessity of proof as to ownership in those cases where ownership was not denied by the defendant in the next succeeding pleading.

We also noted the purpose behind section 28(108) (and, presumably, paragraph 109), in *McBriety v. Phillips*, 180 Md. 569, 571–72, 26 A.2d 400, 402–03 (1942):

> At common law, whenever a declaration alleged a partnership or a corporation or a written instrument material under the pleadings, and issue was joined on the general issue pleas, the burden was on the plaintiff to prove the existence of the partnership or the corporation or the genuineness of the instrument. In the great majority of cases it was impossible to refute the allegation, yet the plaintiff was obliged to produce the evidence, however troublesome or expensive. 9 *Wigmore on Evidence*, 3rd Ed., Sec. 2596. In order to obviate this useless procedure, the Legislature in 1888 enacted the rule that whenever the pleadings in an action at law allege the partnership of any parties, or a

corporation, or the execution of any written instrument filed in the case, the same shall be taken as admitted unless denied by the next succeeding pleading of the opposite party. Acts of 1888, Chap. 248, Code, 1939, Art. 75, Sec. 28, Subsec. 108. The object of the statute is to facilitate the trial of cases by requiring defendants to declare whether they demand such proof. If a defendant expressly denies the existence of a partnership alleged in the declaration, he casts the burden of proof upon the plaintiff. But if the defendant files the general issue plea and fails to make an express denial of the partnership, then the existence of the partnership is admitted and cannot be put in issue. *Banks v. McCosker,* 82 Md. 518, 34 A. 539 [ (1896) ]; *Fifer v. Clearfield & Cambria Coal & Coke Co.,* 103 Md. 1, 62 A. 1122; *Commercial Credit Corporation v. Schuck,* 151 Md. 367, 134 A. 349 [ (1926) ].

The Legislature (and presumably this Court, in respect to issues added later) viewed the issues contained in section 28(108)-(109) as matters that, in most cases, were rendered obvious by the facts, but which the common law nonetheless placed an often unnecessary burden on the plaintiff to prove. Were this Court to allow a broad, general demand for proof in every case before the District Court to satisfy the specific requirements of Maryland Rule 3–308, we would effectively return the District Court to the pleading practices of the era prior to the Legislature's passage of section 28(108)-(109). Defendants would be able to frustrate plaintiffs' attempts to submit their cases to the trial judge by routinely filing a "blanket" demand for proof. District Court trials would no longer be conducted in as timely a manner.

■ The purpose of Rule 3–308 is to expedite litigation, while giving a defendant the chance to challenge certain issues on the rare chance that there is a real dispute between the parties over any of those issues. In the case *sub judice,* the record does not reflect that there was a real dispute over the ownership of the vehicle involved in the accident. Petitioner stated to the trial court that she had answers to interrogatories in which respondent Vlachos admitted ownership. Rath-

er, respondents' counsel appears to have used Rule 3–308 strictly as an "ambush" tactic, i.e., to place a wider burden of production on petitioner and to benefit from the chance error that petitioner's counsel would not identify the owner at trial. This is not the purpose for which Rule 3–308 was designed.

## B.  Discretion to Reopen the Case[3]

Respondents cite a handful of cases holding that whether to reopen a case falls within the discretion of the trial court. *See East Baltimore Transfer Co. v. Goeb,* 140 Md. 534, 118 A. 74 (1922); *Guyer v. Snyder,* 133 Md. 19, 104 A. 116 (1918); *Bama, Inc. v. Anne Arundel County,* 53 Md.App. 14, 19–22, 451 A.2d 1261, 1264–66 (1982). Generally, these cases hold that the trial court should not be reversed for granting or denying a motion to reopen a case absent an abuse of discretion, which some of these cases have defined as "improper" prejudice against a party in reopening or not reopening a case. For instance, we said in *Bradford v. Eutaw Savings Bank,* 186 Md. 127, 131, 46 A.2d 284, 286 (1946):

> [A] chancellor has the power to allow defects in proof to be supplied at any time.  Such action is in his discretion and is not subject to review here except where his action is arbitrary, and the rights of some of the parties are improperly affected.  When, in the judgment of the chancellor, the ends of justice will be subserved, this court has said that it is his plain duty to allow further proof to come in.  [Citations omitted].

*See Shook v. Shook,* 213 Md. 603, 612, 132 A.2d 460, 465 (1957) (noting that it is within the discretion of the trial judge whether to reopen the case, "except where his action is arbitrary and the rights of some of the parties are improperly

---

**3.** Respondent never made a specific demand for proof of ownership. Accordingly, at the time of the motion for judgment ownership was deemed admitted and the trial court should have denied the motion. It had no discretion to do otherwise in respect to the issue of ownership. We address the issue of reopening primarily as it relates to the question of the identity of the driver.  Moreover, the issue of reopening was one of three questions upon which we granted certiorari.

affected."); *Guyer,* 133 Md. at 22, 104 A. at 117 ("The plaintiff had omitted to prove the judgments in the course of the trial and it was entirely within the discretion of the Court to grant the application and to permit the additional testimony to be introduced. . . . The nature and character of the evidence . . . could not have prejudiced the claimant's case, and he was not thereby injured by its admission."); *Gillespie–Linton v. Miles,* 58 Md.App. 484, 499–500, 473 A.2d 947, 955 ("The decision to permit a party to re-open her case for the purpose of supplying additional evidence is within the sound discretion of the trial judge and will not be disturbed on appeal unless there has been an abuse of that discretion."), *cert. denied,* 300 Md. 794, 481 A.2d 239 (1984); *Bama,* 53 Md.App. at 20–21, 451 A.2d at 1265 (noting that the appellate courts "seem to have amalgamated into the law side . . . the more liberal rule in equity, *i.e.,* that reversal is warranted only when the decision to reopen or not was arbitrary and some of the parties were improperly prejudiced."); *cf. Brown v. Bendix Radio Div.,* 187 Md. 613, 621, 51 A.2d 292, 295 (1947) (recognizing that courts in other jurisdictions have treated refusals by trial courts to reopen cases as an abuse of discretion).[4] Petitioner argues that it was improperly prejudicial for the District Court not to reopen the case and allow her to prove ownership of the motor vehicle and the identity of its driver, essential facts to the case, particularly when she had such evidence readily available.

The cases concerning the reopening of a trial appear to distinguish between cases in which a party has made a glaring error or omission of material evidence and those in which the

---

[4]. There are older opinions by this Court which state that the decision of the trial court in such matters is not subject to appeal. *East Baltimore Transfer Co.,* 140 Md. at 537, 118 A. at 75; *Guyer,* 133 Md. at 22, 104 A. at 117. Respondents cite these cases before this Court, and the circuit court utilized some of them in its order below. We agree with the analysis of the Court of Special Appeals in *Bama,* 53 Md.App. at 19–21, 451 A.2d at 1264–66, that other opinions of this Court, cited *supra,* view such matters as appealable, subject to the abuse of discretion standard, and that the "no appeal" language may have inferred that appealing a trial court's decision on whether to reopen a trial was difficult, not that it could never be done.

party seeking to reopen the case wishes to bring in trivial or supplemental evidence. This Court has rarely addressed a case in which a party moved to reopen a trial to prove an essential, but omitted, fact, and was denied the opportunity to reopen by the trial court. We have held, however, that trial judges who grant a motion to reopen in such circumstances generally act within their discretion. For instance, in *East Baltimore Transfer Co.*, 140 Md. 534, 118 A. 74, which, as petitioner points out, is factually similar to the case *sub judice*, the plaintiff failed to prove who the driver of the truck that had caused the accident was, as well as who owned the truck. Noting that those facts were "necessary evidence for a proper consideration of the case," the Court held that it was a proper exercise of discretion for the trial judge to reopen the case. *Id.* at 537, 118 A. at 75. In 1876, we noted in *Trustees of the German Lutheran Evangelical St. Matthew's Congregation v. Heise*, 44 Md. 453, 465 (1876), that "[a]s to the power of the court to allow additional evidence to be taken, even after the cause has been submitted, that would seem to be clear, though the power is not generally exercised except in cases where, *from accident or inadvertence, omissions or defects of proof have occurred, which the party could have readily supplied.*" (Emphasis added.) *See also Baltimore & Ohio R.R. Co. v. Plews*, 262 Md. 442, 467–68, 278 A.2d 287, 299 (1971) (holding, *inter alia*, that when the plaintiff failed to lay a proper foundation for an expert's testimony, it was proper for the trial judge to reopen the case to allow counsel to lay that foundation); *Bradford*, 186 Md. at 131, 46 A.2d at 286 ("When, in the judgment of the chancellor, the ends of justice will be subserved, this court has said that it is his plain duty to allow further proof to come in."); *Guyer*, 133 Md. at 22, 104 A. at 117 ("In 2 *Poe's Pleading and Practice*, Vol. 2, it is said that cases may arise when the purposes of justice may seem to require that the application ought not to be denied, and accordingly, it is not a reversible error to permit the case to be re-opened for such purpose.").

The Court of Special Appeals has held that it is an abuse of discretion not to reopen a trial when circumstances make the

evidence sought to be admitted material to the party's case. In *Valerino v. Little*, 62 Md.App. 588, 490 A.2d 756 (1985), the trial court reversed itself on an earlier motion dismissing certain of the plaintiffs' claims, but denied the claims *sub curia* without hearing any evidence. The intermediate appellate court held that it was an abuse of discretion not to reopen the trial because the reversal made it necessary for the plaintiffs to prove certain evidence in support of their revived claims:

> We believe that, under the peculiar procedural posture of this case, the trial court abused its discretion. By reversing its initial decision [to dismiss], it became necessary to afford appellants the opportunity to present further evidence in support of their allegations of fraud, oppression or illegality.... Consequently, the court should have heard evidence on these allegations.

*Id.* at 601, 490 A.2d at 762.

Appellate courts in our sister states have also held that trial courts abuse their discretion when they refuse to allow a party to reopen a case and submit additional essential or material evidence, particularly when that evidence is omitted inadvertently. The Illinois Appellate Court has adopted four factors to aid in determining whether a case should be reopened:

> (1) whether the failure to introduce the evidence occurred because of inadvertence or calculated risk; (2) whether the adverse party will be surprised or unfairly prejudiced by the new evidence; (3) whether the new evidence is of the utmost importance to the movant's case; and (4) whether any cogent reason exists to justify denying the request. *A–Tech Computer Services* [*v. Soo Hoo* ], 254 Ill.App.3d [392,] 402–03, 193 Ill.Dec. 862, 627 N.E.2d 21[, 28 (1993) ].

*Polk v. Cao,* 279 Ill.App.3d 101, 104, 215 Ill.Dec. 879, 664 N.E.2d 276, 279 (1996).[5] The court applied the factors to the case before it:

---

**5.** Additional factors are listed in 75 Am.Jur.2d *Trial* § 382 (1991), including "[t]he diligence of the party in seeking the new evidence," the

[T]he trial court abused its discretion in denying plaintiff's request to reopen his case to introduce plaintiff's medical bills. It appears that plaintiff's counsel failed to introduce these bills ... through inadvertence.... Defendant was clearly not surprised or unfairly prejudiced by plaintiff's request to place the medical bills into evidence. Plaintiff not only testified at trial regarding his medical treatment, but also disclosed in interrogatory answers, filed more than two years before trial, that he would be seeking medical expenses at trial. Furthermore, the evidence of plaintiff's medical bills was of the utmost importance to his case since a substantial part of plaintiff's case was recovery of medical expenses. We find that no cogent reason existed to bar plaintiff from reopening his case since defendant had not yet opened his case in chief when plaintiff made his motion to reopen.

*Id.; see also Sugarloaf Dev. Co. v. Heber Springs Sewer Improvement Dist.,* 34 Ark.App. 28, 34, 805 S.W.2d 88, 92 (1991) ("[E]vidence should be reopened where to do so would serve the interests of justice and cause no undue disruption of the proceedings or unfairness to the party not seeking to have it reopened."); *CTB Ventures 55, Inc. v. Rubenstein,* 39 Conn.App. 684, 699, 667 A.2d 1272, 1281 (1995) ("In the ordinary situation where a trial court feels that, *by inadvertence or mistake,* there has been a failure to introduce available evidence upon a material issue in the case of such a nature that in its absence there is a serious danger of a miscarriage of justice, it may properly permit that evidence to be introduced at any time before the case has been decided." (quoting *Suffield Bank v. Berman,* 228 Conn. 766, 782–83, 639 A.2d 1033, 1040–41 (1994))), *cert. denied,* 235 Conn. 940, 669 A.2d 577 (1996); *Seubert Excavators, Inc. v. Eucon Corp.,* 125 Idaho 409, 416–17, 871 P.2d 826, 833–34 (1994) (holding that the trial court acted within its discretion when it allowed a

admissibility of the evidence, the time in the proceedings when the motion to reopen is made, and "[t]he time and effort expended upon the trial."

party to reopen the case and submit into evidence a bond, which was essential to a third-party beneficiary claim, that it had omitted before closing its case); *Antley v. Brantly,* 669 So.2d 685, 688–89 (La.Ct.App.1996) (holding that the refusal of the trial judge to allow new evidence that the plaintiff would need more extensive surgery, and thus suffer more damages, was an abuse of discretion); *Wakefield v. Puckett,* 584 So.2d 1266, 1268 (Miss.1991) ("As a general rule ... the reopening of a case for the purpose of showing facts vital to the issue involved, *is liberally allowed ... and a failure to do so may be considered an abuse of judicial discretion.*" (quoting *Wells–Lamont Corp. v. Watkins,* 247 Miss. 379, 387–88, 151 So.2d 600, 604 (1963))); *Page v. Lewis,* 902 S.W.2d 359, 361 (Mo.Ct. App.1995) ("[T]here is an abuse of discretion and a new trial will be directed upon a refusal to reopen a case and permit the introduction of material evidence, that is evidence that would substantially affect the merits of the action ...." (quoting *Pride v. Lamberg,* 366 S.W.2d 441, 445 (Mo.1963))); *Metro Ins. Agency v. Mannino,* 856 S.W.2d 81, 83 (Mo.Ct.App.1993) (holding that the trial court abused its discretion by denying plaintiff the chance to introduce additional evidence, then dismissing the case "based on the lack of that very evidence"); *Ford v. Ford,* 105 Nev. 672, 676, 782 P.2d 1304, 1307 (Nev. 1989) ("When an essential element of a party's case can be easily and readily established by reopening the case, refusal to reopen will most often constitute an abuse of discretion."); *Rosen's Inc. v. Juhnke,* 513 N.W.2d 575, 576 (S.D.1994) (noting that whether to reopen a case is left to the trial judge except when "necessary to the due administration of justice." (quoting 75 Am.Jur.2d *Trial* § 379 (1991))).

By contrast, most of the cases in Maryland that affirm the denial of a motion to reopen the case have dealt with motions to submit supplemental or needless evidence, or evidence that this Court, or the Court of Special Appeals, held had already been submitted through alternative means. For instance, in *Lumbermens Mutual Casualty Co. v. Ely,* 253 Md. 254, 262–63, 252 A.2d 786, 791 (1969), an insurer sought to reopen its case and submit supplemental evidence regarding the loss

deductible provision in the insurance policy. The trial judge, pointing out that the policy itself was already in evidence, denied the motion, and we held there was no abuse of discretion in that ruling. *See Nicholas v. Owrutsky*, 230 Md. 60, 65–66, 185 A.2d 498, 501–02 (1962) (holding that it was not an abuse of discretion for the trial court to deny reopening the case to submit a contested will into evidence when the will would have cast "little light" on the matter at hand); *Walchuck v. Harting*, 224 Md. 334, 336, 167 A.2d 781, 782 (1961) (noting that no abuse of discretion occurred when the trial judge refused to allow plaintiff's counsel to submit a statement made by the plaintiff during his deposition, particularly because the counselor had an opportunity to elicit the statement during plaintiff's redirect examination and throughout the remainder of the trial).

We do not interpret these latter cases to mean that a trial court must always deny a motion to reopen a case when the purpose is to submit minor or supplemental evidence. When evidence is not essential or material to the case, these cases mean that the discretion of the trial judge as to whether to reopen the case will be broader. When a party is not allowed to prove evidence that is essential to their case, generally under Rule 3–308 it would be unduly prejudicial for the trial judge not to give that party an opportunity to submit such evidence, especially if it is readily available such as apparently was so in the instant case.[6]

---

6. This distinction is recognized in 75 Am.Jur.2d *Trial* § 383:

§ 383. **Materiality of proffered evidence**

The materiality of the evidence sought to be introduced on a motion to reopen is a factor considered in the court's determination whether to allow or deny the motion. When there is no inconvenience to the court or unfair advantage to one of the parties, it is an abuse of discretion to refuse to reopen the case and permit the introduction of material evidence which would substantially affect the merits of the action and perhaps alter the court's decision. If a trial court feels that, by inadvertence or mistake, there has been a failure to introduce available evidence upon a material issue in the case of such a nature that in its absence there is serious danger of a miscarriage of justice, it may properly permit that evidence to be introduced at any time before the case has been decided. However,

The parties debate whether reopening the case *sub judice* would have unfairly prejudiced respondents. Clearly, it would have prejudiced respondents to some extent because any further evidence submitted by petitioner would have eliminated one of the defenses in their case; however, reopening the case to allow petitioner to prove who owned the motor vehicle that struck her, and who drove it, would not have *unfairly* prejudiced respondents. Respondents obviously knew that they were alleged to be the driver and owner of the vehicle in question. The very evidence sought to be introduced were their answers to interrogatories in which petitioner alleged respondents had admitted those very facts. More importantly, the real focus should be on petitioner's case. It was an abuse of discretion for the trial judge *not* to reopen the case to allow petitioner to prove facts essential to her case, particularly when the evidence was readily available to petitioner (and no trial delay would have occurred) and when respondents had made only a vague demand for "strict proof" that did not mention the ownership of the vehicle.

In the case at bar, the trial judge's refusal to allow petitioner to prove ownership when respondents moved after the close of petitioner's evidence for judgment based on the absence of such evidence, constituted an abuse of discretion. Respondents never put petitioner on notice that they were demanding proof of ownership; thus, petitioner reasonably assumed that the ownership issue was admitted.[7] When respondents demanded proof of ownership at the close of petitioner's case, as they were entitled to do under Rule 3–308, it was an abuse of discretion not to give petitioner the opportunity to make such proof, particularly when Rule 3–308 allows for it and when petitioner apparently had the evidence readily available. *See Heise*, 44 Md. at 465. It was also an abuse of discretion not to

where the record does not indicate that there is additional evidence crucial to the case, that was not available at the trial date, there is no necessity for the court to hold the case open. [Footnotes omitted.]

7. For these reasons, we also hold that it was an error for the circuit court to hold that petitioner had not preserved the issue concerning demand for proof.

allow petitioner the chance to identify the allegedly negligent driver. That evidence was omitted inadvertently by petitioner, was essential to her case, did not improperly prejudice respondents, and was readily available.

### III.  Conclusion

To demand strict proof of any issue listed in Maryland Rule 3–308, a defendant in the District Court must describe with specificity which issue or issues they request the plaintiff to prove at trial.  Failure to do so constitutes an admission of any such issue.  In the trial *sub judice*, respondents made no specific request that petitioner prove ownership of the motor vehicle involved in the allegedly tortious accident until the close of petitioner's case-in-chief.  Therefore, it was imperative for the trial judge to grant petitioner's request to reopen the case in order for petitioner to have the opportunity to prove ownership.  The trial judge's refusal to do so was an abuse of discretion.  It was also an abuse of discretion not to allow petitioner to submit evidence of the identity of the driver.  We order that the trial judge's decision be vacated and that a new trial be ordered.

**JUDGMENT OF THE CIRCUIT COURT FOR BALTIMORE COUNTY REVERSED; CASE REMANDED TO THE CIRCUIT COURT WITH INSTRUCTIONS TO REVERSE THE JUDGMENT OF THE DISTRICT COURT OF MARYLAND AND REMAND THE CASE TO THE DISTRICT COURT FOR A NEW TRIAL; RESPONDENTS TO PAY THE COSTS.**