Dear Senator Mitchell:
You have requested our opinion on whether the Maryland Vehicle Law prohibits a person from driving a taxicab while not wearing a seat belt.
We conclude that, although automobile manufacturers have included seat belts in passenger vehicles, including taxicabs, for more than 30 years, State law requiring the use of seat belts does not extend to the driver of a taxicab.
 I Background
We start with a brief review of the State and federal laws that require installation and use of seat belts in motor vehicles, and their application to taxicabs.[1]
A. Taxicabs
The Maryland Vehicle Law defines a "taxicab" as:
a motor vehicle for hire that:
 (1) Is designed to carry seven or fewer individuals, including the driver; and
 (2) Is used to accept or solicit passengers for transportation for hire between those points along highways in this State as the passengers request.
Annotated Code of Maryland, Transportation Article ("TR"), § 11-165. A taxicab is registered with the Motor Vehicle Administration ("MVA") as a Class B (for hire) vehicle. TR § 13-913(a).[2]
B. Required Installation and Inspection of Seat Belts
 1. Maryland Law
For nearly 40 years State law has mandated that private passenger vehicles registered in Maryland be equipped with seat belts. However, taxicabs have been consistently exempted from that requirement and consequently from State safety inspections of seat belts.
In 1963, the General Assembly required that the front seat of every passenger vehicle registered in Maryland, if the vehicle was manufactured after June 1, 1964, be equipped with two sets of seat belts. However, taxicabs, as well as buses and trucks, were excluded from that requirement. Chapter 619, Laws of Maryland 1963, codified at Annotated Code of Maryland, Former Article 66~, § 296A. In 1970, the General Assembly expanded that provision to require two sets of seat belts on the rear seat of each vehicle registered in Maryland, if the vehicle was manufactured after June 1, 1969. Again, taxicabs, as well as motorcycles, buses, and trucks, were excluded from the requirement. Chapter 534, Laws of Maryland 1970, recodified at Former Article 66~, § 12-412. While the statute has since been recodified as TR § 22-412 and amended in other respects, its substance is essentially unchanged since 1970.[3] Thus, taxicabs remain exempt from the State statutory requirement that motor vehicles be equipped with seat belts.
The Maryland Vehicle Law also requires that all vehicles driven on Maryland highways have specified equipment that satisfies standards jointly established by the MVA and the Automotive Safety Enforcement Division of the Department of State Police, including standards "for seat belts or combination seat belt-shoulder harness if required as original equipment under§ 22-412 or § 22-412.1 of [the Transportation Article]." TR § 23-104(a) (emphasis supplied). Consistent with the exemption for taxicabs in TR § 22-412, regulations governing safety inspections of automobiles issued by the MVA and the Automotive Safety Enforcement Division exempt taxicabs from the provisions concerning seat belt standards. See COMAR 11.14.02.22.
2. Federal Standards
For several decades, federal law has also mandated safety equipment, including seat belts, in automobiles. In 1966, as part of the National Traffic and Motor Vehicle Safety Act,[4]
Congress required the U.S. Secretary of Transportation to prescribe motor vehicle safety standards. 49 U.S.C. § 30111. In addition, manufacturers and distributors of motor vehicles are required to certify at the time of delivery of a vehicle that it complies with applicable motor vehicle safety standards.49 U.S.C. § 30115.
The initial federal motor vehicle safety standards issued in 1967 required that vehicles be equipped with seat belts. Since then, occupant crash protection standards have gone through a complex evolution in terms of the type of seat belt protection required and alternative technologies such as air bags. SeeGeier v. American Honda Motor Co., Inc., ___ U.S. ___,120 S. Ct. 1913, 1922-23 (2000) (recounting part of the history of federal occupant crash protection standards). It is unnecessary for purposes of this opinion to retrace this history. It suffices to note that manufacturers have installed seat belts in automobiles manufactured for sale in the United States for more than 30 years to comply with federal occupant restraint standards.[5] There has never been an exception from the federal occupant crash protection standards for vehicles intended for use as taxicabs or for similar purposes.
When Congress enacted the National Traffic and Motor Vehicle Safety Act, it explicitly preempted the states from prescribing alternative safety standards for motor vehicles inconsistent with federal standards. See 49 U.S.C. § 30103(b)(1).[6] Thus, the federal occupant crash protection standards effectively supersede TR § 22-412 concerning installation of seat belts and its exemption for taxicabs.[7] However, nothing in the federal law requires the use of seat belts in passenger vehicles such as taxicabs.[8] Nor does federal law affect State-required safety inspections and the exemption concerning seat belts in taxicabs under COMAR 11.14.02.22.[9]
C. Required Retention of Seat Belts
Both State and federal law prohibit the removal of seat belts from vehicles. In particular, subject to limited exceptions, federal law prohibits a manufacturer, distributor, dealer, or motor vehicle repair business from removing or disabling seat belts installed in compliance with applicable federal standards.49 U.S.C. § 30122(b).[10] The Maryland Vehicle Law also bars the removal or alteration of safety devices, such as seat belts, that have been installed in a vehicle in compliance with State or federal standards. TR § 22-104.[11] Thus, despite the exemption for taxicabs in TR § 22-412, any passenger vehicle currently in use as a taxicab in Maryland that was manufactured after 1967 should be equipped with seat belts.
D. Required Use of Seat Belts
Since 1986, State law has mandated the use of seat belts by specified occupants of certain automobiles.[12] In particular, the Maryland Vehicle Law prohibits a person from operating a motor vehicle "unless the person and each occupant under 16 years old are restrained by a seat belt or a child safety seat. . . ." TR § 22-412.3(b). In addition, a passenger in the outboard front seat of a motor vehicle who is 16 years of age or older must wear a seat belt. TR § 22-412.3(c). A person is excused from wearing a seat belt if a physician certifies that "use of a seat belt . . . would prevent appropriate restraint due to [the] person's physical disability or other medical reason." TR § 22-412.3(d).
The provision mandating the use of seat belts applies to the driver and certain passengers of a "motor vehicle." For purposes of this statute, "motor vehicle" is defined as a vehicle that is:
 1. Registered or capable of being registered in this State as a Class A (passenger), Class E (truck), Class F (tractor), Class M (multipurpose), or Class P (passenger bus) vehicle; and
 2. Required to be equipped with seat belts under federal motor vehicle safety standards contained in the Code of Federal Regulations.
TR § 22-412.3(a)(2)(i). Class L (historic) vehicles are expressly excluded from the definition. TR § 22-412.3(a)(2)(ii).[13] The statute is silent as to the status of Class B vehicles, such as taxicabs.
Other provisions of the statute restrict the introduction and use of evidence concerning seat belt use in certain civil actions. TR § 22-412.3(h). In addition, the statute requires the MVA and the Department of State Police to establish prevention and education programs to encourage seat belt use. TR § 22-412.3(i).
A violation of the provision mandating the use of seat belts is not a moving violation that would result in the assessment of points against a person's driving record. TR § 22-412.3(g). However, a violation does constitute a criminal offense subject to a fine of not more than $25, including court costs. TR § 27-106(b).
 II Analysis
Because federal law has required the installation of seat belts in passenger vehicles including those used as taxicabs for more than 30 years, we assume that seat belts are available in virtually all taxicabs that are currently in use in Maryland.[14] However, whether the driver of a taxicab is required to buckle the driver's seat belt depends on whether the mandate in TR § 22-412.3 for seat belt use encompasses taxicabs.
When TR § 22-412.3 was first enacted, it applied to a vehicle "[r]egistered or capable of being registered in this State as a Class A (passenger) or Class M (multipurpose) vehicle." Chapters 287 and 288, Laws of Maryland 1986 (emphasis supplied). The General Assembly later expanded the reach of the statute to include additional classes of vehicles,[15] but TR § 22-412.3
has never specifically addressed Class B vehicles such as taxicabs. Thus, the statute applies to a taxicab only if a taxicab can properly be characterized as a vehicle "capable of being registered" in one of the applicable categories — e.g., Class A passenger vehicles.
Many vehicles serving as taxicabs fit the definition of "passenger car" in the Maryland Vehicle Law.[16] Such a taxicab could be transferred and re-registered under TR § 13-912 as a Class A (passenger) vehicle. Indeed, the Maryland Vehicle Law contemplates the conversion of taxicabs to private passenger vehicles, requiring that the transferee attach to the certificate of title a signed statement indicating that the vehicle has been used as a taxicab. TR § 13-112(d). The MVA must include a similar notation on a new certificate of title for the vehicle. Id. Because many taxicabs could thus be re-registered as Class A (passenger) vehicles — and in that sense are "capable of being registered" as Class A vehicles — it could be argued that the mandate for seat belt use in TR § 22-412.3 applies to those taxicabs. However, for the reasons explained below, we believe that the General Assembly did not intend for TR § 22-412.3 to apply to Class B vehicles such as taxicabs.[17]
The Court of Appeals has repeatedly stated that the cardinal rule of statutory construction is to ascertain and carry out the true intention of the legislature. See, e.g., Cooper v. Sacco,357 Md. 622, 629, 745 A.2d 1074 (2000). When considering statutory language, the Court of Appeals has made clear that it is not limited to the words of the statute. Often one must "consider other `external manifestations' or `persuasive evidence,' including . . . its relationship to earlier and subsequent legislation, and other material that fairly bears on the fundamental issue of legislative purpose . . . ." Kaczorowski v. Cityof Baltimore, 309 Md. 505, 514-515, 525 A.2d 628 (1987).
There is no indication that the Legislature intended that the mandatory seat belt use statute apply to taxicabs. When reporting on the effect of 1986 legislation that originally enacted TR § 22-412.3, the Senate Judicial Proceedings Committee referred only to the two classes of vehicles enumerated in the statute Class A (passenger) and Class M (multipurpose) vehicles. See
Summary of Committee Report on Senate Bill 15/House Bill 140 (1986). Nothing in the legislative file suggests that the phrase "capable of being registered" was intended to broaden the scope of TR § 22-412.3 to other classes of motor vehicles not listed in the statute. Rather, it appears that this phrase was intended to encompass vehicles registered in other states that are driven in Maryland and that would be considered Class A or Class M vehicles if registered in Maryland.
This conclusion is confirmed by the General Assembly's use of similar language in a related statute requiring the use of child safety seats — TR § 22-412.2.[18] Like the mandatory seat belt use statute, TR § 22-412.2 applies to certain categories of motor vehicles. When it was originally enacted, the statute applied only to listed classes of vehicles registered in Maryland. In 1992, the General Assembly amended TR § 22-412.2(c), substituting the phrase "vehicle registered, or of a type capable of being registered, in this State" under certain enumerated classes. See
Chapter 354, Laws of Maryland 1992. The title of this enactment makes clear that the purpose of this language was to expand "the application of certain provisions of law relating to the mandatory use of child safety seats to include certain vehicles whether ornot registered in this State." Id. (emphasis supplied). The Legislature was aware that, by 1992, all 50 states and the District of Columbia had some type of child safety restraint law, justifying expansion of the law to "any passenger vehicle, light truck, or multipurpose vehicle, regardless of whether the vehicleis registered in Maryland." See Senate Judicial Proceedings Committee Floor Report on HB 710 (1992) (emphasis in original). The use of similar language in TR § 22-412.3, the mandatory seat belt use statute, presumably serves the same purpose: to cover vehicles operating in Maryland that happen to be registered in other states.
Furthermore, statutes relating to the same subject matter are to be read together. Farris v. State, 351 Md. 24, 29, 716 A.2d 237
(1998). When it enacted TR § 22-412.3 in 1986, the General Assembly presumably was cognizant of the exception for taxicabs in TR § 22-412 as well as of earlier federal law prescribing occupant crash protection standards for motor vehicles, including taxicabs.See, e.g., Equitable Tr. Co. v. State Comm'n, 287 Md. 80, 88,411 A.2d 86 (1980) ("the General Assembly is presumed to have had, and acted with respect to, full knowledge and information as to prior and existing law and legislation on the subject of the statute . . .") A year later, the General Assembly expanded the minimum equipment standards for vehicles listed in TR § 23-104. Among the components added to that list were "seat belts or combination seat belt-shoulder harness if required as original equipment undersection 22-412 or section 22-412.1." Chapter 654, Laws of Maryland 1987 (emphasis supplied). It appears unlikely that the General Assembly would have retained the exemption for taxicabs from seat belt installation in TR § 22-412 — much less incorporated that exemption by reference into the minimum equipment standards — had it intended that the mandatory seat belt use statute enacted the previous year to apply to taxicabs.
Finally, violation of TR § 22-412.3 is a criminal offense.[19] In determining legislative intent, criminal statutes are strictly construed "to prevent courts from extending punishment to cases not plainly within the language of the statute." Farris, 351 Md. at 29. See also Comstock v. State,82 Md. App. 744, 752, 573 A.2d 117 (1990) (construing provision of Maryland Vehicle Law in light of this principle). In the absence of any reference to Class B vehicles in TR § 22-412.3 or clear evidence that the Legislature intended the statute to reach such vehicles, the seat belt use statute should not be construed to apply to taxicabs.
We do not believe that the Legislature's decision not to extend the mandate for seat belt use to taxicabs was meant to discourage the use of seat belts by cab drivers. At this date it is undisputed that the use of seat belts saves lives and reduces injuries in automobile accidents. See Geier, supra,120 S.Ct. at 1923 ("buckled up seat belts are a vital ingredient of automobile safety"). Every state in the nation but one has passed laws mandating the use of seat belts. See Buckling Down: A DoctorTakes Pains to Promote Seat Belts, Wall Street Journal, p. A1 (July 5, 2000) (describing current campaign to pass seat belt use law in New Hampshire). The Maryland Legislature's decision not to subject a cab driver to criminal penalties for failure to wear a seat belt may be simply a recognition that many cab drivers neither own nor are responsible for the maintenance of their cabs, including the seat belts in those cabs. The merits of this exemption, however, are a question for the Legislature.
 III Conclusion
Automobile manufacturers have included seat belts in passenger vehicles used as taxicabs for more than 30 years in compliance with a federal law that preempts the exemption for taxicabs in TR § 22-412. Nevertheless, State law requiring the use
of seat belts does not apply to Class B (for hire) vehicles such as taxicabs. Thus, State law does not require a taxicab driver to buckle his or her seat belt.
We note that federal preemption of State standards for motor vehicle safety equipment renders the exemption of taxicabs from State seat belt safety inspections — by means of a cross-reference to TR § 22-412 — an anachronism. It appears unlikely that the General Assembly intended to exempt a vehicle that is required to be equipped with seat belts and that will likely transport more individuals and spend more time on the highways than others from an inspection of vital safety equipment required of other passenger vehicles. Nor can we discern any rational policy reason for doing so. We recommend that the General Assembly revise TR § 23-104 to make it consistent with the current safety equipment standards.
Very truly yours,
 J. Joseph Curran, Jr. Attorney General
 William R. Varga Assistant Attorney General
_____________________
Robert N. McDonald Chief Counsel
Opinions Advice
[1] In your letter requesting this opinion, you make reference to a cab driver who was cited for "not wearing a seat belt" and ask for our opinion on the application of Annotated Code of Maryland, Transportation Article ("TR"), § 22-412, which requires that certain motor vehicles be equipped with seat belts, but does not itself require the use of seat belts. To respond fully to your inquiry, we have canvassed other applicable laws. For example, we assume that the driver mentioned in your letter was cited under TR § 22-412.3, which requires the use of seat belts in certain classes of motor vehicles. In addition, federal law also requires the installation of seat belts in motor vehicles.
We understand that the particular case that promoted your inquiry has been concluded. Under the longstanding policy of this Office, we would decline to issue an opinion concerning a matter in litigation.
[2] Motor vehicles operated on regular schedules between fixed termini are excepted from both the definition of taxicab and the Class B classification. TR § 11-165(b); TR § 13-913(a)(2)(i).
[3] The recodification occurred when the Transportation Article was created as part of code revision. Chapter 14, Laws of Maryland 1977. Subsequent amendments of TR § 22-412 have been technical in nature. See Chapter 472, Laws of Maryland 1986 (dividing TR § 22-412 into subsections); Chapter 645, Laws of Maryland 1999 (amending a cross-reference concerning standards for seat belts sold in Maryland).
[4] 80 Stat. 718, now codified at 49 U.S.C. § 30101 et seq.
[5] As new occupant restraint technology developed, federal regulations provided alternative approaches under which manufacturers could satisfy the relevant standard during various model years. However, manufacturers have consistently employed some type of seat belt in complying with the federal standard. For current federal motor vehicle safety standards governing occupant crash protection, see generally 49 C.F.R. § 571.208 (1999), as amended by 65 Fed. Reg. 30679 — 30770 (2000).
[6] The statute permits the federal government, or a state or local government, to impose a higher performance requirement for a vehicle or equipment obtained for its own use.49 U.S.C. § 30103(b)(1).
[7] The motor vehicle safety standard preemption provision, and the application of federal preemption principles to state common law tort liability standards affecting auto safety equipment, has been the subject of a recent Supreme Court opinion.See Geier, supra, 120 S. Ct. 1913 (2000).
[8] Federal law requires the driver of a commercial motor vehicle to use a seat belt when driving a commercial motor vehicle that has a seat belt assembly installed. 49 C.F.R. § 392.16. However, this requirement only applies to vehicles with a gross vehicle weight rating or gross combination weight rating of 10,001 pounds or more, vehicles designed to carry 16 or more passengers, including the driver, and vehicles of any size used to transport certain hazardous materials that are subject to federal motor carrier safety regulations. See 49 C.F.R. § 390.5.
[9] The exemption of taxicabs from State safety inspection of seat belts is consistent with TR § 23-104(a), which incorporates the exemption of taxicabs in TR § 22-412. However, this exemption appears to be inconsistent with the federal standards governing occupant crash protection, which have preempted TR § 22-412.
[10] The statute reads:
 A manufacturer, distributor, dealer, or motor vehicle repair business may not knowingly make inoperative any part of a device or element of design installed on or in a motor vehicle or motor vehicle equipment in compliance with an applicable motor vehicle safety standard . . . unless the manufacturer, distributor, dealer, or repair business reasonably believes the vehicle or equipment will not be used (except for testing or a similar purpose during maintenance or repair) when the device or element is inoperative.
49 U.S.C. § 30122(b).
[11] The State statute provides, in pertinent part:
 A person may not willfully or intentionally remove or alter any device or equipment that has been placed on any motor vehicle . . . in compliance with any law, rule, regulation, or requirement of any officer or agency of the United States or of this State, if it is intended that the vehicle be operated on highways in this State, unless the removal or alteration is permitted by rule or regulation adopted by the Administrator [of MVA].
TR § 22-104.
[12] Chapters 287 and 288, Laws of Maryland 1986. When it enacted the mandatory seat belt use legislation, the General Assembly apparently was acting, at least in part, in response to a condition set forth in a federal regulation. In particular, federal standards requiring passive restraints in automobiles were to continue in effect in model year 1990 unless states enacted mandatory seat belt usage laws covering at least two-thirds of the nation's population. See 49 Fed. Reg. 28962 (1984). This regulation was premised on the assumption that, if a large percentage of the nation's population was subject to laws requiring the use of seat belts, the passive restraint requirements would be unnecessary. However, the condition was not satisfied and federal passive restraint requirements remained in effect. Geier, 120 S. Ct. at 1925.
[13] There is also a separate exemption for postal vehicles.See TR § 22-412.3(f).
[14] In local jurisdictions where the Public Service Commission regulates taxicabs, a vehicle ten model years old or older may not be used as a taxicab. See COMAR 20.90.02.16.D (Baltimore City and Baltimore County) and 20.90.03.15.D (City of Cumberland and City of Hagerstown).
[15] Chapter 466, Laws of Maryland 1991, added to the definition of "motor vehicle" Class E (truck) vehicles with a manufacturers' rated capacity of ton or less, the gross vehicle weight of which does not exceed 7,000 pounds. Chapter 482, Laws of Maryland 1992, expanded the definition to include all Class E (truck) vehicles, as well as Class F (tractor) and Class P (passenger bus) vehicles.
[16] "Passenger car" is defined for purposes of the Maryland Vehicle Law as a "motor vehicle, except a multipurpose passenger vehicle or motorcycle, designed to carry 10 persons or less." TR § 11-144.1. We recognize that sport utility vehicles ("SUVs") also are used as taxicabs. A SUV generally is considered a Class M (multipurpose) vehicle under the Maryland Vehicle Law. See TR § 13-937. Because TR § 22-412.3 applies to vehicles capable ofbeing registered as Class M (multipurpose) vehicles, the analysis in this opinion would apply to that vehicle classification as well.
[17] Although the focus of our opinion is on taxicabs, the reasoning extends to other Class B (for hire) vehicles registered under TR § 13-913 such as those used as sedan services.
[18] TR § 22-412.2 generally prohibits a person from transporting a child under 16 years of age in specified classes of motor vehicles unless the child is secured in a seat belt or in a child safety seat in accordance with manufacturers' instructions. A child safety seat is required if the child is under the age of 4 years, regardless of the child's weight, or if the child weighs 40 pounds or less, regardless of the child's age. The statute applies to a vehicle registered, "or of a type capable of being registered," in Maryland as a Class A (passenger) or Class M (multipurpose) vehicle and to certain Class E (truck) vehicles. TR 22-412.2(c).
[19] A violation of a provision of the Maryland Vehicle Law is a misdemeanor unless the violation is otherwise denominated a felony or is punishable by a civil penalty under that law. TR § 27-101(a).
 *Page 218